Sabino **GONZALEZ–GONZALEZ,** Petitioner,

v.

John **ASHCROFT,** Attorney General, Respondent.

No. 03–71647.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 8, 2004.

Filed Nov. 29, 2004.

Matt Adams, Granger, WA, for the petitioner.

John Cunningham (argued) and Stephen J. Flynn (on briefs), United States Department of Justice, Washington, DC, for the respondent.

Before D.W. NELSON, THOMAS, Circuit Judges, and DAVID A. EZRA,* District Judge.

## OPINION

THOMAS, Circuit Judge:

In this appeal, we consider whether an inadmissible alien who was convicted of a crime of domestic violence is also ineligible for cancellation of removal. We conclude that he is and deny the petition for review.

### I

Gonzalez–Gonzalez is a Mexican native and citizen who illegally entered the United States in 1983. Sometime after moving to the United States, Gonzalez–Gonzalez married a United States citizen. The couple had three children. His spouse petitioned for an immediate relative visa on behalf of Gonzalez–Gonzalez in 1988, but did not pursue the matter beyond the initial filing; thus, Gonzalez–Gonzalez never obtained a visa or United States citizenship. In 1993, Gonzalez–Gonzalez and his wife divorced, and he assumed sole custody over the three children, which he has since maintained.

On May 2, 2000, Gonzalez–Gonzalez was convicted of "assault in the fourth degree/domestic violence," stemming from a November 17, 1999 assault of "P.G.," with whom he was in a "family member or household relationship." Gonzalez–Gonza-

lez was incarcerated for 150 days following this offense. Shortly after his release from incarceration, the Immigration and Naturalization Service ("INS") served him with a Notice to Appear, charging him with removability pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) for entering the United States without being admitted or paroled. Gonzalez–Gonzalez conceded removability, but requested relief in the form of cancellation of removal pursuant to 8 U.S.C. § 1229b(b)(1).

The immigration judge ("IJ") found Gonzalez–Gonzalez ineligible for cancellation of removal based on 8 U.S.C. § 1229b(b)(1)(C), which renders ineligible an alien who has "been convicted of an offense under section 1182(a)(2), 1227(a)(2), or 1227(a)(3)." Section 1182 is titled "Inadmissible aliens," and domestic violence offenses are not listed under § 1182(a)(2); § 1227 is titled "Deportable aliens" and "Domestic Violence" is listed as an offense under § 1227(a)(2), which lists criminal grounds of deportation.[1] 8 U.S.C. §§ 1182(a)(2), 1227(a)(2).

Gonzalez–Gonzalez appealed to the Board of Immigration Appeals ("BIA"), arguing that he may be found ineligible only for commission of offenses listed under § 1182(a)(2)—and not the § 1227 offenses—as he is an inadmissible, rather than deportable, alien. The BIA affirmed the decision of the IJ. In its written opinion, the BIA interpreted the § 1229b phrase "convicted of an offense under" to mean "convicted of an offense *described* under" any of the three statutes. (emphasis in original).

Thus, the BIA found Gonzalez–Gonzalez's domestic violence conviction barred cancellation, notwithstanding his

---

* The Honorable David A. Ezra, Chief Judge for the United States District Court for the District of Hawaii, sitting by designation.

1. 8 U.S.C. § 1227(a)(3) is titled "Failure to register and falsification of documents."

status as an inadmissible, rather than deportable alien. Gonzalez–Gonzalez now petitions for review of this decision. We review issues of statutory interpretation de novo. *Zheng v. Ashcroft*, 332 F.3d 1186, 1193 (9th Cir.2003).

## II

The question before us is whether the BIA properly interpreted 8 U.S.C. § 1229b, under which the Attorney General may grant cancellation of removal to aliens who are otherwise removable. In making that determination, we employ the analysis set forth by the Supreme Court in *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842–45, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), as further explained in *Food and Drug Administration v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 120 S.Ct. 1291, 146 L.Ed.2d 121 (2000). Under *Chevron*, we must consider first "whether Congress has directly spoken to the precise question at issue." *Chevron*, 467 U.S. at 842, 104 S.Ct. 2778. "If Congress has done so, the inquiry is at an end; the court 'must give effect to the unambiguously expressed intent of Congress.'" *Brown & Williamson*, 529 U.S. at 132, 120 S.Ct. 1291 (quoting *Chevron*, 467 U.S. at 843, 104 S.Ct. 2778). In making that assessment, we look not only at the precise statutory section in question, but analyze the provision in the context of the governing statute as a whole, presuming congressional intent to create a "symmetrical and coherent regulatory scheme." *Id.* at 133, 120 S.Ct. 1291 (quoting *Gustafson v. Alloyd Co.*, 513 U.S. 561, 569, 115 S.Ct. 1061, 131 L.Ed.2d 1 (1995)). Finally, "we must be guided to a degree by common sense as to the manner in which Congress is likely to delegate a policy decision of such economic and political magnitude to an administrative agency." *Id.* If, after conducting such an analysis, we conclude that Congress has not addressed the issue, we "must respect the agency's construction of the statute so long as it is permissible." *Id.* at 132, 120 S.Ct. 1291 (citing *INS v. Aguirre–Aguirre*, 526 U.S. 415, 119 S.Ct. 1439, 143 L.Ed.2d 590 (1999)).

Thus, we begin with the plain words of the statute. Under 8 U.S.C. § 1229b(b)(1)(C), cancellation is available only if the alien "has not been convicted of an offense under section 1182(a)(2), 1227(a)(2), or 1227(a)(3) of this title." 8 U.S.C. § 1229b(b)(1)(C). Section 1182 as a whole is titled "Inadmissible aliens" and lists classes of aliens ineligible for admission. 8 U.S.C. § 1182. One subsection lists "[c]riminal and related grounds" for ineligibility, which includes, e.g., crimes of moral turpitude, controlled substance violations, and prostitution, but does not list "crimes of domestic violence" or any similar crimes. *See* 8 U.S.C. § 1182(a)(2). Section 1227 is titled "Deportable aliens" and lists grounds for deportability.[2] 8 U.S.C. § 1227. Under "(a) Classes of de-

---

2. Section 1227 provides, in pertinent part:

   **(a) Classes of deportable aliens**
   Any alien (including an alien crewman) in and admitted to the United states shall, upon the order of the Attorney General, be removed if the alien is within one or more of the following classes of deportable aliens:
   **(1) Inadmissible at time of entry or of adjustment of status or violates status**
   **(A) Inadmissible aliens**

   Any alien who at the time of entry or adjustment of status was within one or more of the classes of aliens inadmissible by the law existing at such time is deportable.
   **(B) Present in violation of law**
   Any alien who is present in the United States in violation of this chapter or any other law of the United States is deportable.
   * * *
   **(2) Criminal offenses**

portable aliens" are the subsections cross-referenced in section 1229: subsection (2) ("Criminal offenses") and subsection (3) ("Failure to register and falsification of documents"). 8 U.S.C. § 1227(a)(2) and (3). Subsection (2) lists several offenses, including aggravated felonies, controlled substances violations, crimes of moral turpitude and, notably for this case, "crimes of domestic violence...." 8 U.S.C. § 1227(a)(2)(E).

■ Gonzalez–Gonzalez is an inadmissible alien who was convicted of domestic violence. Thus, he argues that the offenses listed under § 1227 do not apply to him as grounds for ineligibility for cancellation.

Gonzalez–Gonzalez is incorrect. The plain language of § 1229b indicates that it should be read to cross-reference a list of offenses in three statutes, rather than the statutes as a whole. The most logical reading of "convicted of an offense under" is that reached by the BIA: "convicted of an offense *described* under" each of the three sections. The alternative reading suggested by Gonzalez—"convicted under" the statute—is not logical. One cannot be convicted of domestic violence or any other offense *under* § 1227, as this is not a criminal statute. The elements of § 1227 are prerequisites to deportability, not elements of a criminal offense. Even an inadmissible alien can commit the offense of domestic violence as it is listed under § 1227.

Under Gonzalez's construction, aliens who entered this country illegally would have greater rights to apply to the Attorney General for cancellation of removal on the basis of hardship than those who entered lawfully. The plain words of the statute do not support this conclusion in the present context. We note, however, that in other contexts this Court has upheld statutes providing greater relief opportunities for undocumented aliens than for immigrants who lawfully entered the country. *See Taniguchi v. Schultz*, 303 F.3d 950, 957–58 (9th Cir.2002) (upholding 8 U.S.C. § 1182(h), which provides relief from deportation for undocumented aliens, but not legal permanent residents (LPRs), who commit aggravated felonies by reasoning "that LPRs enjoy substantial rights and privileges not shared by other aliens, and therefore 'it is arguably proper to hold them to a higher standard and level of responsibility than [non LPRs]' " (quoting *Moore v. Ashcroft*, 251 F.3d 919, 925 (11th Cir.2001))).

Although we need not resort to legislative history, the legislative history of this provision supports our construction. When originally proposed on the floor of the House of Representatives, on March 4, 1996, § 1229b(b)(1) specifically allowed cancellation of removal only for an alien who "has not been convicted of an aggravated felony." H.R.Rep. No. 469(I), 104th Cong., 2nd Sess. 232 (1996). Later that same year, on September 24, 1996, in the House Conference Committee Reports, § 1229b(b)(1) read differently, allowing cancellation of removal only for an alien who "has at no time been convicted of an offense that would render the alien inadmissible under section [1182(a)(2)(A)] or deportable under redesignated sections [1227(a)(2)] or [1237(a)(3)]." H.R. Conf. Rep. No. 828, 104th Cong. 2nd Sess. 213 (1996). The Conference Committee language would tend to support Gonzalez–

* * *

(E) **Crimes of domestic violence, stalking, or violation of protection order, crimes against children and**
  (i) **Domestic violence, stalking, and child abuse**

Any alien who at any time after admission is convicted of a crime of domestic violence, a crime of stalking, or a crime of child abuse, child neglect, or child abandonment is deportable.

Gonzalez's interpretation. However, as enacted in 1997, the final version of § 1229b(b)(1) allowed cancellation for an alien who "has not been convicted of an offense under section 1182(a)(2), 1227(a)(2) or 1227(a)(3)." 8 U.S.C. § 1229b(b)(1). The fact that the final version of 8 U.S.C. § 1229b(b)(1) eliminates this language demonstrates that it was not Congress's intent to have § 1229b(b)(1) applied in this manner.[3]

In sum, the plain language, statutory structure, and legislative history support the conclusion that Congress intended to make aliens who committed crimes of domestic violence ineligible to apply for cancellation of removal and did not intend to carve out an exception for inadmissible aliens. Having reached this conclusion by the use of the traditional tools of statutory construction, we need not consider whether the agency's interpretation is reasonable under *Chevron.*

Gonzalez–Gonzalez was convicted of an offense under § 1227 and is therefore ineligible for cancellation of removal under the plain language of 8 U.S.C. § 1229b(b)(1)(C). We therefore deny his petition for review.

**PETITION DENIED.**

---

**3.** Notably, in two other subsections of the cancellation of removal statute, Congress retained language similar to the language it rejected in the Conference Report. When Congress desired that the cancellation of removal statute be interpreted as Gonzalez–Gonzalez suggests, it knew how to do so. *See* INA § 240A(b)(2)(A)(iv) (barring cancellation of removal for otherwise ineligible battered spouses or children who are "inadmissible under paragraph (2) or (3) of section 212(a) [8 U.S.C. § 1182(a)] [or] ... under paragraphs ... (2) through (4) of section 237(a) [8 U.S.C. § 1227(a)(7)]"); INA § 240A(d)(1) (defining

any period of continuous residence or continuous physical presence for the purpose of cancellation of removal as ending "when the alien has committed an offense referred to in section 212(a)(2) [8 U.S.C. § 1182(a)(2)] that renders the alien inadmissible to the United States under section 212(a)(2) [8 U.S.C. 1182(a)(2)] or removable from the United States under section 237(a)(2) [8 U.S.C. § 1227(a)(2)]").