Mariana COLIMA–AGUIRRE,
Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 03–71355.
Agency No. A73–867–289.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 9, 2005.*

Decided Feb. 14, 2005.

Kevin A. Bove, Esq., Attorney at Law, Escondido, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Kathleen M. Zapata, Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Before BROWNING, MAGILL,** and RYMER, Circuit Judges.

MEMORANDUM ***

Mariana Colima–Aguirre, a native and citizen of Mexico, petitions for review of the order of the Board of Immigration Appeals (BIA) dismissing her appeal from the Immigration Judge's (IJ) order denying her request for cancellation of removal, and, in the alternative, voluntary depar-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** Honorable Frank J. Magill, Senior Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ture at the conclusion of her removal proceeding. We deny the petition.

■ Colima–Aguirre's argument that she was not convicted of an offense under 8 U.S.C. § 1227(a)(2) for purposes of 8 U.S.C. § 1229b(b)(1)(C) because she has not been admitted to the United States is foreclosed by *Gonzalez–Gonzalez v. Ashcroft*, 390 F.3d 649, 652–53 (9th Cir.2004) (holding that the plain language of § 1229b(b)(1)(C) renders an inadmissible alien convicted of an offense under § 1227 ineligible for cancellation of removal). Even if Colima–Aguirre is not deportable under § 1227(a)(2), her conviction for a crime involving moral turpitude for which a sentence of one year may be imposed constitutes a conviction of an offense *described* under § 1227(a)(2)(A)(i). *See id.* at 652. Thus, she is ineligible for cancellation of removal.

■ Further, we lack jurisdiction to review the IJ's denial of Colima–Aguirre's request for an order of voluntary departure at the conclusion of her removal proceeding. *See* 8 U.S.C. § 1229c(f) (precluding appellate jurisdiction); *Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

PETITION DENIED.