# In re Sandra Patricia GONZALEZ-SILVA, Respondent

File A96 149 596 - San Francisco

*Decided  June 27, 2007*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

An alien whose conviction precedes the effective date of section 237(a)(2)(E) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(E) (2000), is not "convicted of an offense under" that section and therefore is not barred from establishing eligibility for cancellation of removal by section 240A(b)(1)(C) of the Act, 8 U.S.C. § 1229b(b)(1)(C) (2000).

FOR RESPONDENT:  Samuel U. Ogbu, Esquire, Emeryville, California

BEFORE:   Board Panel:  HOLMES, MILLER and GRANT, Board Members.

GRANT, Board Member:

In a decision dated March 13, 2006, which incorporated an earlier decision of February 23, 2006, an Immigration Judge pretermitted the respondent's application for cancellation of removal for nonpermanent residents under section 240A(b) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(b) (2000).  The respondent has appealed from that decision.  The appeal will be sustained, and the record will be remanded to the Immigration Judge for further proceedings.

The respondent is a 36-year-old native and citizen of Mexico who entered the United States without inspection or parole on or about February 25, 1992. She was served with a Notice to Appear (Form I-862) on December 23, 2002, charging that she is subject to removal under section 212(a)(6)(A)(i) of the Act, 8 U.S.C. § 1182(a)(6)(A)(i) (2000).  Removability is not in dispute.

Section 240A(b)(1) of the Act, which sets forth the criteria to establish eligibility for cancellation of removal for certain nonpermanent residents, provides, in pertinent part, as follows:

> The Attorney General may cancel removal of, and adjust to the status of an alien lawfully admitted for permanent residence, an alien who is inadmissible or deportable from the United States if the alien–
>   (C) has not been convicted of an offense under section 212(a)(2), 237(a)(2), or 237(a)(3) . . . .

The Immigration Judge pretermitted the respondent's cancellation application on the basis of her November 30, 1994, conviction for willful cruelty or unjustifiable punishment of a child in violation of section 237a(b) of the California Penal Code, finding that she had been convicted of an offense under section 237(a)(2)(E)(i) of the Act, 8 U.S.C. § 1227(a)(2)(E)(i) (2000). The Immigration Judge rejected the respondent's argument that her 1994 conviction does not bar her from applying for cancellation of removal because section 237(a)(2)(E) is only effective as to convictions occurring after September 30, 1996, the enactment date of the law that added that section to the Act. *See* Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub. L. No. 104-208, § 350, 110 Stat. 3009-546, 3009-639 ("IIRIRA"). Citing the Ninth Circuit's decision in *Gonzalez-Gonzalez v. Ashcroft*, 390 F.3d 649 (9th Cir. 2004), the Immigration Judge found that the respondent was confusing the issue of removability with the issue of eligibility for the requested relief. She concluded that eligibility for cancellation of removal, a form of relief enacted in 1996 in the IIRIRA, is explicit in the statute, and that the section 237(a)(2)(E) bar applies to all convictions, regardless of when they occurred.

In *Gonzalez-Gonzalez v. Ashcroft*, *supra*, the Ninth Circuit held that the most logical reading of section 240A(b)(1)(C) is that the phrase "convicted of an offense under" section 237(a)(2) (and the two other sections included in the statute) means "convicted of an offense *described* under" those sections. *Id.* at 652. Therefore, an alien who was not subject to removal under section 237(a)(2) of the Act because he was inadmissible, rather than deportable, was nonetheless found to be ineligible for cancellation of removal as a result of his conviction for an offense described under section 237(a)(2) of the Act. The court found that Congress "did not intend to carve out an exception for inadmissible aliens" when it made aliens who committed crimes of violence ineligible for cancellation of removal. *Id*. at 653.

The respondent's claim is not that sections 237(a)(2)(E) and 240A(b)(1)(C) of the Act do not preclude her from establishing eligibility for cancellation of removal because she is an inadmissible, rather than a deportable, alien. She asserts instead that she is not barred from establishing eligibility for that relief because her conviction preceded the effective date of section 237(a)(2)(E) of the Act. In *Matter of Garcia-Hernandez*, 23 I&N Dec. 590 (BIA 2003), we found that the language of section 240A(b)(1)(C) of the Act requiring an alien to show that he "has not been convicted of an offense under section 212(a)(2) of the Act" incorporated the entirety of the offense described under section 212(a)(2), including the exception for petty offenses set forth therein. As we stated in that case, "Put in other terms, the 'description' of the category of offenses encompassing crimes involving moral turpitude also includes the exception." *Id*. at 593.

Similarly, we conclude that an alien whose conviction precedes the effective date for section 237(a)(2)(E) of the Act has not been "convicted under" section 237(a)(2) of the Act.  While this is a close question, we find that an offense can be one "described" in section 237(a)(2)(E) only if the conviction for that offense occurred after September 30, 1996.  *See* IIRIRA § 350(b), 110 Stat. at 3009-640 (stating that the amendment applies to convictions occurring after the date of enactment).  This conclusion is not inconsistent with the Ninth Circuit's reasoning in *Gonzalez-Gonzalez v. Ashcroft*, *supra*, which merely held that Congress had not carved out an exception for inadmissible aliens when it made aliens who committed crimes of violence ineligible for cancellation of removal.  Because the respondent's November 1994 conviction preceded the effective date of section 237(a)(2)(E) of the Act, she has not been "convicted of an offense under" that section within the meaning of section 240A(b)(1)(C) of the Act and therefore is not ineligible for cancellation of removal.

Accordingly, the respondent's appeal will be sustained, and the record will be remanded for further consideration of her application for cancellation of removal.

**ORDER:**  The appeal is sustained.

**FURTHER ORDER:**  The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.