**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

CONSTANTINA RAMIREZ MOTA,
                    *Petitioner,*

v.

MICHAEL B. MUKASEY, Attorney
General of the United States,
                    *Respondent.*

No. 07-71880

Agency No.
A79-540-706

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued August 11, 2008
Submitted September 17, 2008
San Francisco, California

Filed September 17, 2008

Before: David R. Thompson and Kim McLane Wardlaw,
Circuit Judges, and Barry T. Moskowitz,* District Judge.

Opinion by Judge Thompson

---

*The Honorable Barry T. Moskowitz, United States District Judge for
the Southern District of California, sitting by designation.

13137

**COUNSEL**

Eugenio Ramos, University of Santa Clara law student, supervised by Evangeline G. Abriel, supervising attorney, Santa Clara, California, for the petitioner.

Paul Fiorino, Department of Justice, Washington, D.C., for the respondent.

## OPINION

THOMPSON, Senior Circuit Judge:

Constantina Ramirez Mota, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming an immigration judge's decision that she is ineligible for cancellation of removal due to her conviction for inflicting injury upon a child, in violation of California Penal Code § 273d. The BIA held that Mota's conviction qualified as a crime involving domestic violence. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we grant the petition for review.

## I. Background

On or about February 27, 1985, at the age of twenty, Constantina Ramirez Mota ("Mota") entered the United States illegally. The following year, she returned to Mexico briefly, and then again entered the United States illegally, this time with her two children. She has lived in the United States continuously ever since. She also has three children born in the United States.

On November 16, 1989, Mota was charged with the misdemeanor infliction of an injury upon a child in violation of section 273d of the California Penal Code. On January 22, 1990, she was convicted and sentenced to thirty days in jail, three years probation, and completion of parenting classes.

On September 21, 2001, Mota was issued a Notice to Appear in removal proceedings. On November 15, 2002, through her attorney, she admitted the allegations in the

Notice to Appear and conceded being subject to removal as charged. She also submitted an application for asylum, withholding of removal and CAT protection. She then withdrew her application and instead requested Cancellation of Removal for Certain Nonpermanent Resident aliens under INA § 240B, 8 U.S.C. § 1229c.

On March 25, 2004, at the scheduled merits hearing, Mota, represented by a new attorney, informed the immigration judge that she was not prepared to proceed because she had not filed her documents in immigration court. The Immigration Judge ("IJ") gave Mota an off-the-record opportunity to sign and make changes to her cancellation application, and then continued the merits hearing. On the same day, the Department of Homeland Security filed in immigration court a document evidencing Mota's 1990 conviction.

On June 24, 2005, Mota appeared *pro se* at her next scheduled merits hearing. She had fired her previous attorney. Mota testified that her three children who had been born in the United States on March 26, 1990, February 4, 1991, and July 5, 1992, would suffer "exceptional and extremely unusual hardship" if she were removed to Mexico. When questioned by the IJ, Mota admitted that she had been arrested in 1989, and was convicted because she "hit" and "abuse[d] her children." She also testified that she was jailed for "[two] weeks" and lost custody of her children for "about a year" while she attended mandatory classes in parenting. Her Application for Cancellation of Removal and Adjustment of Status for Certain Nonpermanent Residents similarly indicates that she was "convicted" in 1990 for "Child Abuse," and that she "served [fifteen] days" in jail. Mota was again granted a continuance of her hearing.

On October 14, 2005, Mota appeared at her next scheduled hearing with a new attorney who informed the IJ that he would be requesting a continuance. The IJ stated that Mota's conviction documents established that she was statutorily

ineligible for cancellation of removal under 8 U.S.C. § 1229b(b)(1)(C), because she was convicted in 1990 of "Inflicting Injury Upon a Child," a violation of California Penal Code § 273d. The IJ concluded that this conviction rendered her ineligible for cancellation relief under § 1227(a)(3)(E)(I), because it was "a crime of child abuse." The IJ then pretermitted Mota's claim for cancellation of removal under section 240(A)(b)(1)(c) of the INA, but granted her voluntary departure.

On November 11, 2005, Mota filed a timely Notice of Appeal to the Board of Immigration Appeals (BIA). On April 20, 2007, the BIA dismissed her appeal. The BIA explained:

> The respondent is ineligible for cancellation of removal due to her conviction for a crime involving domestic violence. The respondent states on appeal that the offense for which she was convicted does not impact her eligibility for cancellation of removal. However, she has not contested the fact of conviction. She cites no precedent for the proposition, implied in her brief statement on the Notice of Appeal, that a conviction under section 273d of the California Penal Code is not a crime delineated in section 240A(b)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(b)(1)(outlining the statutory requirements for cancellation of removal, including the requirement that the alien not have been convicted of certain offenses). Since the record reflects that the respondent is an inadmissible alien who was convicted of a crime of domestic violence, we see no basis on which to sustain this appeal. *See Gonzalez-Gonzalez v. Ashcroft*, 390 F.3d 649 (9th Cir. 2004).

The BIA extended Mota's period for voluntary departure. Mota timely petitioned for review.

## II.    Discussion

Pursuant to 8 U.S.C. § 1252(a)(2)(D), we have jurisdiction to review constitutional claims and questions of law presented in all petitions for review, including those brought by individuals found removable based on certain enumerated crimes. *See Fernandez-Ruiz v. Gonzales*, 410 F.3d 585, 587 (9th Cir. 2004), *as adopted by Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1124 (9th Cir. 2006) (en banc). We review *de novo* questions of law. *See, e.g., Rosales-Rosales v. Ashcroft*, 347 F.3d 714, 717 (9th Cir. 2003) (whether offense constitutes an aggravated felony). "The BIA's interpretation of immigration laws is entitled to deference. However, we are not obligated to accept an interpretation clearly contrary to the plain and sensible meaning of the statute." *Kankamalage v. INS*, 335 F.3d 858, 861 (9th Cir. 2003) (citation omitted). Additionally, we "will not defer to BIA decisions that conflict with circuit precedent." *Melkonian v. Ashcroft*, 320 F.3d 1061, 1065 (9th Cir. 2003).

To qualify for cancellation of removal, Mota must establish that she:

> (A) has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application; (B) has been a person of good moral character during such period; (C) has not been convicted of an offense under section 1182(a)(2), 1227(a)(2), or 1227(a)(3) of this title (except in a case described in section 1227(a)(7) of this title where the Attorney General exercises discretion to grant a waiver); and (D) establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence.

8 U.S.C. 1229b(b).

**[1]** The Illegal Immigration Reform and Responsibility Act of 1996 (IIRIRA) brought into existence section 237(a)(2)(E) of the Immigration Nationality Act, 8 U.S.C. § 1227(a)(2)(E). The effective date of this statute is September 30, 1996. After the agency's decision in Mota's proceedings, the BIA held that a conviction of a crime of domestic violence before September 30, 1996, does not make a petitioner ineligible for cancellation of removal. *Matter of Gonzales-Silva*, 24 I & N Dec. 218, 220 (BIA 2007) ("[W]e conclude that an alien whose conviction precedes the effective date for section 237(a)(2)(E) of the Act has not been 'convicted under' section 237(a)(2) of the Act. While this is a close question, we find that an offense can be one 'described' in section 237(a)(2)(E) only if the conviction for that offense occurred after September 30, 1996."); *see also* Illegal Immigration Reform and Immigrant Responsibility Act, Pub. L. No. 104-208, 350(b), 110 Stat. 3009, 3009-640 (1996) ("The amendment [adding domestic violence as grounds for deportation] shall apply to convictions . . . occurring after the date of the enactment of the act."). We agree with the BIA's holding in *Matter of Gonzales-Silva* that a conviction prior to September 30, 1996, is not included within section 237(a)(2)(E) of the Act.

**[2]** Because Mota's conviction occurred on January 22, 1990, the BIA erred as a matter of law when it ruled that this conviction made Mota ineligible for cancellation of removal. We therefore grant the petition for review. We also grant the parties' request that we assign this case to our mediation unit to give the parties the opportunity to resolve other aspects of Mota's cancellation claim. The mandate shall not issue until ordered by this court following exhaustion of mediation proceedings.

**PETITION FOR REVIEW GRANTED; ASSIGNED TO MEDIATION; ISSUANCE OF MANDATE WITHHELD.**