In the

# United States Court of Appeals

## For the Seventh Circuit

No. 08-1260

EMMANUEL E. OBI,

*Petitioner,*

*v.*

ERIC H. HOLDER, JR., Attorney General
of the United States,

*Respondent.*

Petition for Review of an Order of the
Board of Immigration Appeals.
No. A28-636-542

SUBMITTED FEBRUARY 18, 2009—DECIDED MARCH 3, 2009[*]

Before BAUER, RIPPLE, and KANNE, *Circuit Judges*.

PER CURIAM. Facing removal proceedings, Emmanuel
Obi, a native of Nigeria, applied for cancellation of re-

[*] We granted the parties' joint motion to waive oral argument.
*See* FED. R. APP. P. 34(f); CIR. R. 34(f). Thus, the appeal is
submitted on the briefs and the record.

moval. The immigration judge concluded that because Obi had been convicted of marriage fraud in 1996, he was ineligible for relief under IIRIRA, which did not take effect until 1997. The Board of Immigration Appeals affirmed, and Obi petitions for review, arguing as a matter of first impression that the IJ erred in applying the IIRIRA bar to a conviction that preceded that law's effective date. We deny the petition.

Obi, who is a citizen of Nigeria, entered the United States on a student visa in 1984. That same year, he married a United States citizen who filed an I-130 petition on his behalf. The marriage ended in 1986, and a few weeks later the Immigration and Naturalization Service denied Obi's request to adjust his status based on the marriage, concluding that he had married solely for immigration benefit. In 1988, Obi married a second United States citizen and was granted permanent residency based on the marriage. This marriage was also a sham, however, and in 1996 Obi was found guilty of two counts of visa fraud for using the fake marriage to stay in the United States. *See* 18 U.S.C. § 1546. Obi absconded pending sentencing and, when officials caught him in 1998, he was convicted of failing to appear for sentencing as part of the conditions of his release. *See* 18 U.S.C. § 3146(a)(1). After serving his sentence for all three charges, Obi (whose second marriage did not survive his criminal convictions) married a third United States citizen in 2001.

Two years later, immigration officials charged Obi with removability based on his visa-fraud convictions. Obi conceded that he was removable, but asked that his

removal be canceled. *See* 8 U.S.C. § 1229b(a). At a hearing in March 2004, a government lawyer argued that Obi was statutorily ineligible for this form of discretionary relief: to be eligible, Obi had to show that he had been a lawful permanent resident for five years and had resided continuously in the United States for seven years, and his visa-fraud convictions terminated his accrual of residency under the so-called "stop-time rule." *See id.* § 1229b(d)(1). Immigration Judge Craig Zerbe rejected this contention, however, because at an earlier hearing (one that is not documented in the record on appeal) a different government lawyer had agreed that the stop-time rule applied only to the requirement of a seven-year residency, not the five-year permanent residency, and that Obi had therefore accrued enough time under both rules. Another hearing was scheduled to address Obi's request for relief.

In the meantime Immigration and Customs Enforcement detained Obi and lodged three more charges of removability: 1) that he was inadmissible at the time he became a permanent resident because he had "procured his admission by fraud," *see* 8 U.S.C. § 1227(a)(1)(A); 2) that he had been convicted of two or more crimes of moral turpitude, *see id.* § 1227(a)(2)(A)(ii); and 3) that his failure-to-appear conviction was an aggravated felony, *see id.* § 1227(a)(2)(A)(iii). Obi denied that he was removable on these additional grounds, and proceeded to hearing with new counsel before Immigration Judge Robert Vinikoor.

Judge Vinikoor rejected the government's additional theories of removability but concluded nonetheless that

Obi remained removable under 8 U.S.C. § 1227(a)(3)(B)(iii) based on the visa-fraud convictions alone. The IJ next dismissed Obi's argument that the government had "stipulated" he was statutorily eligible for relief, noting that there was no record of any such agreement and that even if there was, it could not override the statutory requirements. Since Obi had obtained his permanent residency by fraud, he was statutorily ineligible for cancellation of removal for permanent residents. The IJ noted, however, that Obi could apply for a different kind of cancellation of removal reserved for certain nonpermanent residents. *See* 8 U.S.C. § 1229b(b)(1).

At a final hearing, Obi pursued that relief. The IJ concluded that, under a statutory provision enacted as part of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Obi's visa-fraud conviction disqualified him for cancellation of removal for certain nonpermanent residents. *See* 8 U.S.C. §§ 1229b(b)(1)(C), 1227(a)(3)(B)(iii). Obi responded that his conviction should not count against him because it preceded IIRIRA (he was convicted on April 10, 1996, nearly one year before IIRIRA took effect on April 1, 1997) and would give that law an "impermissibly retroactive effect." The IJ rejected the argument, however, because although Obi's conviction preceded IIRIRA's effective date, his removal proceedings (which began in 2003) did not. And, continued the IJ, IIRIRA applied to all removal proceedings initiated after the law's effective date. The IJ therefore ordered Obi removed, and the BIA affirmed.

Obi now appeals to this court, but before we can reach the merits of his arguments we must first confirm that we

have jurisdiction to hear his case. Congress has excluded from our jurisdiction denials of discretionary relief, including cancellation of removal, unless the petitioner raises a constitutional claim or a question of law. *See* 8 U.S.C. § 1252(a)(2)(B), (d); *Stepanovic v. Filip*, No. 07-3883, 2009 WL 187790, at *3 (7th Cir. Jan. 28, 2009). Obi's appeal presents two legal questions, and so we may proceed to the merits of his case.

Obi first argues that the IJ erred in ruling that the government was not bound to its "stipulation" that the stop-time rule did not bar his request for relief. According to Obi, the IJ should have deemed the stop-time rule agreement sufficient to establish his statutory eligibility, even though the record contained no evidence of the agreement. We are unconvinced. To begin with, Obi did not meet his burden of submitting evidence of any stipulation or written agreement that supported his eligibility for relief. *See* 8 C.F.R. § 1240.8; *Bakarian v. Mukasey*, 541 F.3d 775, 782 (7th Cir. 2008). More importantly, the agreement, as Obi characterizes it, did not completely resolve the question of his statutory eligibility because it disposed of only one element Obi had to prove—namely, that the stop-time rule did not truncate his accrual of residency. And that ground proved not to be the basis upon which the IJ ultimately denied relief. Rather, the IJ correctly ruled that Obi had never been lawfully admitted as a permanent resident at the outset. *See Mejia-Orellana v. Gonzales*, 502 F.3d 13, 16-17 (1st Cir. 2007) (alien ineligible for cancellation of removal when he had never been lawfully admitted as permanent resident); *In re Koloamatangi*, 23 I. & N. Dec. 548, 551

(BIA 2003) (same). Obi does not challenge that conclusion, and so even if we concluded that the IJ should have enforced any such agreement, he would still be ineligible for relief.

The other question of law that Obi raises is one that we have not previously addressed: whether the IJ erred in denying him relief based on a pre-IIRIRA conviction. In support, Obi relies on the Supreme Court's decision in *Landgraf v. USI Film Prods.*, 511 U.S. 244, 280 (1994), which established a two-prong test for assessing whether a law could be applied retroactively. *See id.* First, the court must discern whether Congress intended for the law have to retroactive impact. *Id.* If Congress's intent is clear, that ends the analysis. But if it is ambiguous, the court moves to the second prong and determines whether applying the law injures a party by "impair[ing] rights [he] possessed when he acted, increas[ing] [his] liability for past conduct, or impos[ing] new duties with respect to transactions already completed." *Id.* According to Obi, Congress did not intend for the § 1229b(b)(1)(C) bar to apply to convictions occurring before IIRIRA's effective date of April 1, 1997, *see* IIRIRA, Pub. L. No. 104-208, § 309(a), 110 Stat. 3009-625 (1996), and moreover applying the bar in his case would injure him.

Addressing *Landgraf*'s first prong, we have previously explained in a different context that Congress clearly intended to apply IIRIRA's cancellation-of-removal provisions to all proceedings brought after April 1, 1997, regardless of when an alien committed a disqualifying crime. *Lara-Ruiz v. INS*, 241 F.3d 934, 945 (7th Cir. 2001).

Obi maintains that *Lara-Ruiz* is not controlling here because the pertinent IIRIRA provision in his case is drafted differently. The relevant provision in *Lara-Ruiz* applies a bar to aliens "convicted of any aggravated felony," whereas § 1229b(b)(1)(C), the provision at issue here, applies to aliens "convicted of an offense under [different subsections of IIRIRA]." Being convicted "under" IIRIRA, in Obi's view, means that one's conviction had to occur after IIRIRA's passage, and therefore only convictions that occur post-IIRIRA are governed by § 1229b(b)(1)(C). This argument cannot help Obi. It is illogical to speak of being convicted of a criminal offense "under" IIRIRA, as it is not a criminal statute. The statutory sections listed in § 1229b(b)(1)(C) merely cross-reference offenses in three statutes of the criminal code. These criminal statutes, including the one under which Obi was convicted of visa fraud, predate IIRIRA. *See* 18 U.S.C. § 1546 (notes) (dating visa-fraud statute's creation to 1948); *see also Gonzalez-Gonzalez v. Ashcroft,* 390 F.3d 649, 652 (9th Cir. 2004) (rejecting reading of § 1229b(b)(1)(C) similar to Obi's). The distinction Obi proposes does not persuade us that *Lara-Ruiz* is inapplicable to his case.

But even if Congress's intent regarding § 1229b(b)(1)(C)'s retroactivity were ambiguous, Obi's argument would still fail because he cannot meet *Landgraf*'s second prong—that retroactive application of an ambiguous statute is impermissible only if it impairs rights that existed under prior law or increases a party's liability for prior acts. *Landgraf*, 511 U.S. at 280; *United States v. Horta-Garcia,* 519 F.3d 658, 661 (7th Cir. 2008). To satisfy this test, Obi must show that he "affirmatively

abandoned rights or admitted guilt in reliance on [pre-IIRIRA law]." *Horta-Garcia*, 519 F.3d at 661. Obi insists that the statutory bar "attaches a new legal disability to [his] prior conduct and takes away . . . one affirmative defense to being deported," but he does not explain what that "new legal disability" is or further develop the point.

In any event, Obi cannot show that he has been harmed by his reliance on pre-IIRIRA law. He would have been removable and ineligible for relief based on his marriage fraud under the pre-IIRIRA regime, *see, e.g., Savoury v. Att'y Gen.*, 449 F.3d 1307, 1314 (11th Cir. 2006), and so IIRIRA did not change the consequences of his criminal act. (Indeed, Obi concedes that he would have been ineligible for relief under § 212(c), the predecessor statute to cancellation of removal.) Nor has he pointed to any affirmative steps he took in reliance on the absence of the § 1229b(b)(1)(C) bar, such as pleading guilty or changing his litigation strategy. *See Lara-Ruiz,* 941 F.3d at 945. As such, Obi's claim resembles a line of cases from other circuits concluding that retroactivity concerns are not triggered by application of the stop-time rule to pre-IIRIRA crimes. *See Martinez v. INS*, 523 F.3d 365, 374-75 (2d Cir. 2008); *Heaven v. Gonzales,* 473 F.3d 167, 175-76 (5th Cir. 2006); *Pinho v. INS,* 249 F.3d 183, 188 (3d Cir. 2001); *Tang v. INS,* 223 F.3d 713, 719 (8th Cir. 2000). Those cases concluded that a bar to relief created by IIRIRA could be applied to conduct preceding that law, because the petitioners had not shown that they detrimentally relied on pre-IIRIRA law or that IIRIRA changed the legal consequences of a prior act. The same holds true for Obi. We

therefore hold that § 1229b(b)(1)(C) may be applied retroactively.

DENIED.