NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN SOLIS OLVERA, | No. 06-72516 |
| Petitioner, | Agency No. A079-587-732 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 17, 2010
San Francisco, California

Before: SCHROEDER and BYBEE, Circuit Judges, and STOTLER[**], Senior
District Judge.

Juan Solis Olvera, a native and citizen of Mexico, appeals the Board of

Immigration Appeals's ("BIA") decision affirming an Immigration Judge's denial

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Alicemarie H. Stotler, Senior United States District
Judge for the Central District of California, sitting by designation.

of his application for cancellation of removal under 8 U.S.C. § 1229b(b).

Petitioner contends the BIA erred in ruling that his conviction for willfully

discharging a firearm in a grossly negligent manner rendered him statutorily

ineligible for cancellation of removal.

The BIA did not err. Aliens who commit "[c]ertain firearm offenses" cannot

obtain cancellation of removal. 8 U.S.C. §§ 1227(a)(2)(C), 1229b(b)(1)(C).

Petitioner's conviction for willfully discharging a firearm in a grossly negligent

manner in violation of California Penal Code § 246.3 is a firearms offense that

renders him statutorily ineligible for cancellation of removal. *See Gonzalez-*

*Gonzalez v. Ashcroft*, 390 F.3d 649, 652 (9th Cir. 2004); *Valerio-Ochoa v. INS*,

241 F.3d 1092, 1095 (9th Cir. 2001). We need not consider Petitioner's argument

that he is eligible for relief because he used a firearm for "cultural purposes." This

claim was never presented to the BIA and we lack jurisdiction to consider it. *See*

*Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

Petitioner also argues that this court should overrule *Gonzalez-Gonzalez*. A

three-judge panel cannot, however, overrule a case unless there has been some

intervening controlling authority. *See Miller v. Gammie*, 335 F.3d 889, 899-900

(9th Cir. 2003) (en banc). Petitioner has pointed to no intervening authority that

undermines our decision in *Gonzalez-Gonzalez*.

2

The petition for review is **DENIED**.