**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARISA GARCIA-VILLAREAL, | No. 05-76719 |
| Petitioner, | |
| v. | Agency No. A096-234-295 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 16, 2010
San Francisco, California

Before: SCHROEDER and RAWLINSON, Circuit Judges, and COLLINS, District
Judge.[**]

Marisa Garcia-Villareal is a native and citizen of Mexico who petitions for

review of a decision of the Board of Immigration Appeals ("BIA") holding that her

California conviction for welfare fraud rendered her ineligible for cancellation of

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Raner C. Collins, United States District Judge for the
District of Arizona, sitting by designation.

removal under 8 U.S.C. § 1229b(b). She contends that she is eligible for cancellation because § 1229b(b)(1)(C)'s reference to 8 U.S.C. § 1227(a)(2) does not apply to her as an alien who was never admitted.

Garcia-Villareal's argument is foreclosed by this court's decision in *Gonzalez-Gonzalez v. Ashcroft*, 390 F.3d 649 (9th Cir. 2004). In *Gonzalez-Gonzalez*, we rejected the argument that "crimes of domestic violence" listed in § 1227(a)(2) did not apply to the alien in that case because he had never been admitted. *Id.* at 653. We held that § 1229b(b)(1)(C)'s reference to an alien who "has not been convicted of an offense under section . . . 1227(a)(2)" clearly meant a conviction "*described* under" that section, and therefore that an alien can be barred from cancellation by a conviction for an offense described under § 1227(a)(2) even if the alien is not deportable under that section. *Id.* at 652.

We also recognized in *Gonzalez-Gonzalez* that *Chevron* deference to the BIA would apply if § 1229b(b)(1)(C) were ambiguous. *Id.* at 651. Here, even if we were to hold that § 1229b(b)(1)(C) is ambiguous insofar as it may apply to a person seeking to qualify for the petty offense exception to a crime involving moral turpitude under § 1182(a)(2)(A)(ii)(II), the same *Chevron* deference would apply. The BIA has recently issued a published opinion holding that the petty offense exception is irrelevant when an alien is otherwise ineligible for

2

cancellation because of a conviction for a crime described under § 1227(a)(2). *See Matter of Almanza-Arenas*, 24 I. & N. Dec. 771, 776 (BIA 2009). As the BIA's interpretation of the statute is reasonable, Garcia-Villareal's attempt to distinguish *Gonzalez-Gonzalez* as dealing with a separate provision in the deportability statute fails.

The petition for review is **DENIED**.