**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

AUG 27 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| JUAN ANTONIO MARES-MENDEZ, AKA Mares Mario Mares, AKA Mario Antonio Mares-Mendez, AKA Mario Marez Mendez, AKA Mendez Marez, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No.   16-72743 <br><br> Agency No. A200-710-360 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 7, 2019[**]

Before:  THOMAS, Chief Judge, HAWKINS and McKEOWN, Circuit Judges.

Juan Antonio Mares-Mendez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

cancellation of removal, asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1] We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1666 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

The BIA properly concluded that Mares-Mendez's 2006 conviction under § 273.5(a) of the California Penal Code constitutes a crime of moral turpitude, rendering him ineligible for cancellation of removal. *Ramirez-Contreras v. Sessions*, 858 F.3d 1298, 1301 (9th Cir. 2017); *Gonzalez-Gonzalez*, 390 F.3d 649, 652 (9th Cir. 2004). We may not entertain Mares-Mendez's collateral attack on his judgment of conviction. *Ortega de Robles v. INS*, 58 F.3d 1355, 1358 (9th Cir. 1995). The BIA did not err in finding Mares-Mendez failed to establish membership in a cognizable social group and that he did not establish a nexus between fear of persecution and any cognizable social group. *See Reyes v. Lynch*,

---

[1] Mares-Mendez does not challenge the BIA's denial of asylum, so we do not consider it.

842 F.3d 1125, 1131 (9th Cir. 2016) (holding that in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting Matter of M-E-V-G-, 26 I. & N. Dec. 227, 237 (BIA 2014))); *see also Barbosa v. Barr*, 926 F.3d 1053, 1059-60 (9th Cir. 2019).

Mares-Mendez does not challenge, and therefore waives, the BIA's determination that he waived the argument that he is a member of the particular social group of "pochos." *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996) (holding that an issue not "discussed in the body of the opening brief is deemed waived").

Substantial evidence supports the agency's conclusion that Mares-Mendez otherwise failed to establish he would be persecuted on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").

Substantial evidence supports the agency's denial of CAT relief because Mares-Mendez failed to show it is more likely than not he will be tortured by or

with the consent or acquiescence of the government if returned to Mexico. *See*

*Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**