**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

SANG YOON KIM, a.k.a. Sangyoon
Kim; SANGHO KIM; SANGWON KIM,
*Petitioners,*

v.

ERIC H. HOLDER JR., Attorney
General,
*Respondent.*

No. 06-73415

Agency Nos.
A072-343-662
A072-343-663
A072-343-664

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
March 12, 2010—San Francisco, California

Filed May 3, 2010

Before: J. Clifford Wallace, Susan P. Graber, and
M. Margaret McKeown, Circuit Judges.

Opinion by Judge McKeown

## COUNSEL

Deborah Ann Dyson, Goswami, Strand & Seaborn, San Francisco, California, for the petitioners.

Lindsay Elizabeth Williams, United States Department of Justice, Civil Division/Office of Immigration Litigation, Washington, D.C., for the respondent.

## OPINION

McKEOWN, Circuit Judge:

Sang Yoon Kim, Sang Ho Kim, and Sang Won Kim ("the Kims") petition for review of the decision of the Board of Immigration Appeals ("BIA") ordering their removal. The Kims belong to a group of hundreds of persons of Korean descent who received fraudulent green cards through the criminal conspiracy of a former officer of the Immigration and Naturalization Service ("INS"), Leland Sustaire. Because

the government proved that the Kims are removable, and because the Kims lack standing to raise their equal protection challenge to the waiver of admissibility provided at 8 U.S.C. § 1182(k), we deny the petition for review in part and dismiss it in part. In denying the petition, we do not countenance the immigration officer's conduct and we are cognizant of the upheaval caused by this scam. Nonetheless, it falls to the executive branch rather than the courts to address the fallout.

## BACKGROUND

Between 1986 to 1994, Sustaire conspired with several middlemen in the Korean-American and overseas Korean community, who paid bribes to Sustaire to obtain fraudulent Form I-551 Alien Registration Cards, or "green cards," for their clients. Sustaire and his collaborators were ultimately convicted for conspiracy to bribe a public official, in violation of 18 U.S.C. § 371, after Sustaire turned himself in to law enforcement authorities. *See Chuyon Yon Hong v. Mukasey*, 518 F.3d 1030, 1032-33 (9th Cir. 2008) (detailing the background of the Sustaire scheme). The Kims, all natives and citizens of South Korea, are three brothers who allegedly became lawful permanent residents ("LPRs") through the Sustaire scheme as minor dependents of their mother, Nam Yeol Kim, in 1993.[1]

The government initiated removal proceedings against the Kims in June 2003. The government charged the Kims as deportable under 8 U.S.C. § 1227(a)(1)(A) for lacking a valid entry document—i.e., a valid green card—at the time of their respective re-entries into the United States from trips abroad. *See* 8 U.S.C. § 1182(a)(7)(A)(i)(I).[2] The IJ held that the Kims

---

[1]Upon her request, the BIA dismissed Nam Yeol Kim's appeal of her removal order on December 28, 2005.

[2]Section 1227(a)(1)(A) provides that "[a]ny alien who at the time of entry or adjustment of status was within one or more of the classes of aliens inadmissible by the law existing at such time is deportable." Section 1182(a)(7)(A)(i) provides that

were ineligible for waivers of inadmissibility under § 212(k) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(k), ordered them removed, and granted them voluntary departure. The BIA affirmed.

## ANALYSIS

In their petition for review, the Kims argue that the government failed to meet its burden of proving removability and, in the alternative, that the exclusion of returning permanent residents from eligibility for § 212(k) waivers violates equal protection as guaranteed by the Due Process Clause of the Fifth Amendment. We review the BIA's legal determinations de novo and its factual findings for substantial evidence. *Aguilar Gonzales v. Mukasey*, 534 F.3d 1204, 1208 (9th Cir. 2008).

## I. REMOVABILITY

The government must prove the Kims' removability by clear and convincing evidence. *Hernandez-Guadarrama v. Ashcroft*, 394 F.3d 674, 679 (9th Cir. 2005). Reviewing the BIA's findings for substantial evidence, we conclude that the government met its burden.

**[1]** Because the government was unable to produce the Kims' alien files containing their applications for adjustment of status, the government presented a constellation of circumstantial evidence linking the Kims to the Sustaire scheme. To begin, the Kims' name and alien numbers appeared on a list

---

. . . any immigrant at the time of application for admission . . . who is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document required by this chapter, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality if such document is required under the regulations issued by the Attorney General under section 1181(a) of this title . . . is inadmissible.

that Sustaire submitted to law enforcement authorities identifying the non-citizens who obtained LPR status through the conspiracy. Sustaire prepared this list in late 1994 or early 1995—after the INS Office of the Inspector General had begun investigating him—with the intent of using the list to negotiate a deal with the government.

**[2]** Although the Kims attack the reliability of the list, a follow-up investigation by U.S. Immigration and Customs Enforcement ("ICE") confirmed the Kims' connection to the Sustaire scheme. In her sworn testimony to ICE, the Kims' mother, Nam Yeol Kim, admitted that she procured her LPR status through payment of $30,000 to one of Sustaire's co-conspirators, Cherie Choe. As the government explained, Ms. Kim obtained the green cards after submitting a few personal documents—namely, her family registry, resume, and medical records—and undergoing a sham interview with Sustaire at Choe's house. Ms. Kim purportedly adjusted her status to permanent residency as the spouse of a priority worker— meaning that her husband, the Kims' father, was classified as an Alien with Extraordinary Ability (such as a Nobel Prize recipient), an Outstanding Professor or Researcher, or a Multinational Executive or Manager. *See* 8 U.S.C. § 1153(b)(1). However, her husband did not fit any of these descriptions and, in fact, never had LPR status within the United States. Consequently, Ms. Kim's husband provided no basis to confer LPR status on her, and the Kims' green cards were invalid by extension. By these facts, the government proved the Kims' removability by clear and convincing evidence, and the BIA's removability determination was accordingly supported by substantial evidence.

## II.    SECTION 212(K) WAIVER AND THE EQUAL PROTECTION CHALLENGE

The Kims argue in the alternative that they are entitled to a waiver of inadmissibility under 8 U.S.C. § 1182(k). That statute provides:

Any alien, inadmissible from the United States under paragraph (5)(A) or (7)(A)(i) of subsection (a) of this section, who is in possession of an immigrant visa may, if otherwise admissible, be admitted in the discretion of the Attorney General if the Attorney General is satisfied that inadmissibility was not known to, and could not have been ascertained by the exercise of reasonable diligence by, the immigrant before the time of departure of the vessel or aircraft from the last port outside the United States and outside foreign contiguous territory or, in the case of an immigrant coming from foreign contiguous territory, before the time of the immigrant's application for admission.

*Id.*

**[3]** The BIA held that the Kims were ineligible for § 212(k) waivers because they failed to show that they were "currently in possession of an immigrant visa" or that they "ever received or were, in fact, qualified for an immigrant visa." The Kims counter that, as returning LPRs, they would not be issued immigrant visas for their re-entry into the United States from their trips abroad as they could simply use their green cards as entry documents. In other words, anyone with a green card has no need for a re-entry visa. In their view, the BIA's refusal to consider their green cards as the functional equivalent of an "immigrant visa" for the purposes of 8 U.S.C. § 1182(k) violates equal protection because it is based on an irrational distinction between arriving aliens, or applicants for admission, *see* 8 U.S.C. § 1225(a)(1); 8 C.F.R. § 1.1(q), and returning resident aliens.

**[4]** We dismiss the Kims' equal protection challenge for lack of standing. The Kims cannot pursue this claim because they do not belong to the class of returning LPRs who are allegedly similarly situated to applicants for admission. Because the Kims were improperly granted their green cards,

their LPR status was void ab initio. *See Monet v. INS*, 791 F.2d 752, 753-54 (9th Cir. 1986); *Matter of Koloamatangi*, 23 I&N Dec. 548, 551 (BIA 2003). Their so-called green cards conferred no rights. The Kims accordingly were not charged with removability as returning LPRs, but rather were charged and found removable as non-citizens lacking a valid entry document at the time of their admission from trips abroad. *See* 8 U.S.C. § 1101(a)(13)(C) (providing that "[a]n alien lawfully admitted for permanent residence in the United States shall not be regarded as seeking an admission into the United States" except in enumerated circumstances). Because the Kims do not belong to the class of LPRs that § 212(k) purportedly discriminates against, they cannot show injury from the alleged discrimination, much less any effective redress that this court could afford them. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

The Kims also argue that the term "immigrant visa" as used in 8 U.S.C. § 1182(k) can be read to encompass green cards. However, we do not reach this issue because the Kims did not have valid green cards at the time of entry and therefore lack standing to pursue this claim as well. *See id.*

The government has proved the Kims' removability, so the petition for review is denied in part. Because the Kims lack standing to raise their equal protection claim and their claim that their green cards provide a predicate for a § 212(k) waiver of inadmissibility, the petition for review is dismissed in part.

DENIED in part; DISMISSED in part.