**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HARJINDERJIT SINGH GORAYA, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 07-70686 <br><br> Agency No. A079-281-912 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 15, 2010
San Francisco, California

Before:    W. FLETCHER and M. SMITH, Circuit Judges, and TODD, [**]
Senior District Judge.

Petitioner Harjinderjit Singh Goraya petitions for review of the Board of

Immigration Appeals's ("BIA") dismissal of his appeal of an Immigration Judge's

("IJ") decision granting the Department of Homeland Security's ("DHS") motion

_____

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable James Dale Todd, Senior United States District Judge for the Western District of Tennessee, sitting by designation.

to reopen his proceedings, revoking his grant of asylum, and ordering him removed. We have jurisdiction under 8 U.S.C. § 1252(a) and we deny the petition.

A motion to reopen must proffer new evidence that "is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.23(b)(3). Goraya argues that the IJ abused her discretion in granting DHS's motion to reopen, contending that DHS did not satisfy these requirements. We review the Agency's ruling on a motion to reopen for abuse of discretion. *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1150-51 (9th Cir. 2010).

The IJ did not abuse her discretion in concluding that DHS proffered material evidence of fraud. DHS provided evidence that Boota Singh Basi and Kashmir Singh Mahli had prepared Goraya's asylum application, and that they had pled guilty to running a criminal enterprise that prepared fraudulent asylum applications. This evidence included a sworn statement by Basi that Goraya's application contained materially false information, including a false story that Mahli and Basi had created. This was sufficiently material evidence of fraud to warrant reopening. *See Ordonez v. I.N.S.*, 345 F.3d 777, 785 (9th Cir. 2003) (quoting *In re S-V*, 22 I. & N. Dec. 1306 (BIA 2000)) ("[W]e have reopened proceedings 'where the new facts alleged, when coupled with the facts already of

2

record, satisfy us that it would be worthwhile to develop the issues further at a plenary hearing on reopening.'").

Nor did the IJ abuse her discretion in concluding that the evidence was not previously available and could not have been discovered or presented earlier. Although Goraya had indicated to the IJ during his merits hearing that Basi had made some misrepresentations in Goraya's written application, the grant of asylum to Goraya predated the government's discovery of the extent of Basi and Mahli's fraud, the raiding of their office, and the securing of their guilty pleas and Basi's testimony. The IJ therefore did not abuse her discretion in granting the motion to reopen.

As for the merits, DHS had the burden to prove, by a preponderance of the evidence, that "there is a showing of fraud in [Goraya's] application such that he . . . was not eligible for asylum at the time it was granted." 8 C.F.R. § 1208.24(a)(1) & (f). Goraya argues that the IJ erred in relying on Basi's testimony because it was unfounded and unreliable, the preparer work folder was incomplete, and Basi's cooperation agreement made his testimony involuntary. We must uphold the Agency's factual finding that the asylum application was fraudulent "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Sang Yoon Kim v. Holder*, 603 F.3d 1100, 1102 (9th Cir.

3

2010) (providing that the Agency's factual findings are reviewed for substantial evidence).

Goraya's objections to the reliability of the preparer work folder, Basi's status as a convicted felon, and the reliability of Basi's testimony go to the weight of the evidence and credibility of Basi's testimony — issues properly within the domain of the factfinder. Basi testified extensively about the process by which he and his partner Mahli created fraudulent asylum applications, and specifically explained that he had created a false story of persecution on which Goraya relied in his written application and oral testimony. Goraya did not dispute that Basi and Mahli prepared his application. The IJ and BIA properly re-assessed Goraya's earlier oral testimony in light of the new evidence provided by Basi, considered Basi's credibility and any incentive he may have had to testify falsely, and determined that Goraya was not entitled to asylum at the time it was granted. Because a reasonable factfinder would not have been compelled to conclude otherwise, we conclude that the Agency's finding of fraud was supported by substantial evidence.

**PETITION FOR REVIEW DENIED.**