**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| EDGAR ESTEBAN PEREZ-HERNANDEZ,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, JR., Attorney General,<br><br>Respondent. | No. 06-75591<br><br>Agency No. A074-795-156<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 11, 2011
Pasadena, California

Before:     TASHIMA and FISHER, Circuit Judges, and WOLF, District Judge.[**]

We dismiss as moot Petitioner's challenge to the finding of the Board of

Immigration Appeals (the "BIA") that he is inadmissible as an "alien who the

consular officer or the Attorney General knows or has reason to believe . . . is or

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Mark L. Wolf, Chief United States District Judge for the District of Massachusetts, sitting by designation.

has been an illicit trafficker in any controlled substance." INA § 212(a)(2)(C), 8 U.S.C. § 1182(a)(2)(C); *see also* INA § 101(a)(13)(C)(v), 8 U.S.C. § 1101(a)(13)(C)(v). However, on the question of Petitioner's eligibility for cancellation of removal under INA § 240A, 8 U.S.C. § 1229b, we REMAND to the BIA for further proceedings.

1.      Petitioner contends that the BIA erred in finding that there was reason to believe that he had been an illicit trafficker in a controlled substance. Even assuming, however, that the BIA erred on this point, Petitioner will remain inadmissible as a result of the BIA's uncontested finding that he has been convicted of a crime of moral turpitude. *See* INA § 212(a)(2)(A)(i)(I), 8 U.S.C. § 1182(a)(2)(A)(i)(I). Petitioner is correct that the BIA's finding that he is a drug trafficker could affect his eligibility for cancellation of removal, *see* INA § 240A(a)(3), 8 U.S.C. § 1229b(a)(3), *if* that finding is the but-for cause of a determination that he has been convicted of an aggravated felony. However, no such determination has been made, and Respondent has not urged such a determination upon us or the agency. We cannot grant Petitioner effective relief on this claim, and therefore this claim must be dismissed as moot. *See Johnson v. Rancho Santiago Cmty. Coll. Dist.*, 623 F.3d 1011, 1018 (9th Cir. 2010).

**2.** Petitioner brings an equal protection challenge to INA § 240A(c)(6), 8 U.S.C. § 1229b(c)(6) (hereinafter "§ 1229b(c)(6)"). Petitioner's rights are affected by that provision only if he otherwise would be eligible for cancellation of removal pursuant to the other provisions of INA § 240A, 8 U.S.C. § 1229b (hereinafter "§ 1229b"). The parties have raised before this court issues of fact and law, which were not raised before or decided by the agency, regarding whether Petitioner meets the residency requirements of INA § 240A(a), 8 U.S.C. § 1229b(a). We lack jurisdiction to hear Petitioner's challenge to § 1229b(c)(6) if he does not meet the baseline requirements of § 1229b(a). *See Sang Yoon Kim v. Holder*, 603 F.3d 1100, 1104 (9th Cir. 2010). Therefore, we remand to the BIA so that the BIA may remand to the Immigration Judge for a determination as to whether Petitioner is eligible for relief under § 1229b.[1] On remand, the government may raise any

---

[1] Respondent also argues that Petitioner's failure to appeal to the BIA the Immigration Judge's finding that § 1229b(c)(6) bars him from relief strips us of jurisdiction to hear his equal protection claim. This is an exhaustion argument in the guise of a standing argument, and we do not find it convincing. We do not require exhaustion of administrative remedies where pursuit of such remedies would be "futile" because "it is 'very likely' what the result of recourse to [such] remedies would be." *El Rescate Legal Servs., Inc. v. Exec. Office of Immigration Review*, 959 F.2d 742, 747 (9th Cir. 1991) (internal quotation marks omitted). Here, Petitioner conceded before the Immigration Judge that he was ineligible for relief because of § 1229b(c)(6) and plainly fell within the scope of that provision; it would have been futile for him to argue before the BIA that it did not apply to him.

arguments it deems appropriate regarding Petitioner's eligibility for such relief.  If the Immigration Judge and the BIA conclude that Petitioner is eligible when § 1229b(c)(6) is disregarded, but ineligible when it is considered, then at that point we may have jurisdiction to hear Petitioner's equal protection challenge to that provision.

The petition for review is

**DISMISSED in part and REMANDED in part.**