**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 11 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALFONSO GUERRERO MORAN,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 12-70347<br><br>Agency Nos.    A095-445-012<br>                  A095-445-013<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 6, 2015[**]
Pasadena, California

Before: MELLOY,[***] BYBEE, and IKUTA, Circuit Judges.

Petitioner Alfonso Guerrero Moran petitions this Court for review of the

BIA's final order of removal. The BIA ordered Petitioner removed pursuant to 8

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Michael J. Melloy, Senior Circuit Judge for the U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

U.S.C. § 1182(a)(6)(E)(i), which makes inadmissible any alien who "knowingly has encouraged, induced, assisted, abetted, or aided any other alien to enter or to try to enter the United States in violation of law." We review the BIA's legal determinations de novo and its factual findings for substantial evidence. *Sang Yoon Kim v. Holder*, 603 F.3d 1100, 1102 (9th Cir. 2010). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

First, Moran argues that DHS failed to meet its burden to show by clear and convincing evidence that any violation of § 1182(a)(6)(E)(i) was performed "knowingly." Substantial evidence supports the BIA's conclusion that DHS met its burden. The primary inspection report showed that Moran, the driver of the vehicle, arrived at inspection and handed over entry documents for himself and the four children visibly seated in the car, but omitted to alert officers to another person on the floor of his vehicle. The report reveals that the person on the floor was lying between the second and third row of seats, covered with black clothing. The report also indicated that when the officer first investigated the black lump he detected on the floor and asked the children to lift their feet, they shifted around and declined to lift their feet before finally complying with the officer's request. It was reasonable for the IJ to infer from this evidence that Moran had knowledge that he was aiding Ms. Sanchez to enter the United States illegally.

Second, Moran offers various arguments to show that the agency erred in admitting the secondary inspection report, or I-213. Because we conclude that the primary inspection report alone offers substantial evidence to show Moran's knowledge, we decline to address arguments regarding the admissibility of the I-213.

**Petition DENIED.**