**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARON ACOSTA-MUNGUIA, AKA Aron Acosta Muniguia,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 13-71440<br><br>Agency No. A089-511-388<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted January 8, 2016
San Francisco, California

Before: WALLACE, NOONAN, and BERZON, Circuit Judges.

Aron Acosta-Munguia, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' (Board) order dismissing his appeal from an

immigration judge's (IJ) decision finding him removable as charged and thus

ineligible for adjustment of status under 8 U.S.C. § 1255(a). We have jurisdiction

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

under 8 U.S.C. § 1252. We review the Board's factual findings for substantial evidence, *Sang Yoon Kim v. Holder*, 603 F.3d 1100, 1102–03 (9th Cir. 2010), and deny the petition for review.

Acosta-Munguia contends that the finding that he knowingly assisted or aided another alien was not supported by substantial evidence. Acosta-Munguia also argues that his due process rights were violated when the Board and IJ permitted the government to draw an adverse inference from his silence as to the smuggling charge, and when he was not permitted to cross-examine witnesses against him.

Substantial evidence supported the Board's conclusion that Acosta-Munguia is removable pursuant to 8 U.S.C. section 1227(a)(1)(E)(i) and thus is not eligible to adjust his status. In immigration proceedings, an adverse inference drawn from silence is permissible where the petitioner is no longer subject to criminal prosecution, *Matter of Guevara*, 20 I. & N. Dec. 238, 240 (BIA 1990), and there is substantive evidence in the record to prove the facts in dispute and support the government's prima facie case. *See Urooj v. Holder*, 734 F.3d 1075, 1078 (9th Cir. 2013). As found by the Board, the substantive evidence presented by the government was sufficient to allow an adverse inference to be drawn from Acosta-Munguia's silence at his hearing as to the smuggling charge.

The government had the burden to demonstrate by clear, unequivocal, and convincing evidence that Acosta-Munguia knowingly assisted other aliens in entering the United States. *Woodby v. INS*, 385 U.S. 276, 286 (1966). To this end, the government introduced Form I-213, without objection from Acosta-Munguia, and presented testimony from the border officer who prepared the form in 1999. Form I-213 included notes from the officer stating that Acosta-Munguia identified the passengers as his friends, his border crossing card and vehicle were confiscated, and that Acosta-Munguia waived his right to a hearing before an immigration judge to dispute the charges.[1] The content of the form was explained to Acosta-Munguia in his native language before he signed it. Upon refreshing his memory before the IJ, the border officer testified that during secondary inspection, Acosta-Munguia informed him that the individuals in the back seat were his friends, and referred to them by their false names as stated in their border crossing cards. The officer also testified that when a border crossing card or vehicle is seized after secondary inspection, it is because a supervisor identified "sufficient

---

[1]Form I-213 also contains a summary of statements made by the backseat passengers, later identified as imposters, stating that Acosta-Munguia was aware they were attempting to enter the United States illegally. The IJ identified these statements as inadmissible where Acosta-Munguia could not cross-examine the passengers, and explicitly excluded the statements from consideration in his analysis.

facts" that an individual had knowledge of an attempt of illegal entry into the United States with the vehicle. Acosta-Munguia provided no evidence to challenge the Form I-213's authenticity.

We may only reverse the Board's determination when a petitioner shows evidence that is "so compelling that no reasonable fact-finder could fail to find the facts were as [petitioner] alleged." *Damon v. Ashcroft*, 360 F.3d 1084, 1088 (9th Cir. 2004). We are not compelled to reverse the Board's decision affirming the IJ and holding that the government demonstrated Acosta-Munguia's removability. The Board and IJ properly drew an adverse inference from Acosta-Munguia's silence where the government introduced additional, substantive evidence in the form of the border officer's testimony and Form I-213, excluding statements made by the backseat passengers, to support a prima facie case of alien smuggling.

**PETITION DENIED**.

***Acosta-Munguia v Lynch   13-71440***

BERZON, J., dissenting,

The majority correctly recognizes that in immigration proceedings, an Immigration Judge may properly draw an adverse inference from a petitioner's invocation of his Fifth Amendment right against self-incrimination. *Gutierrez v. Holder*, 662 F.3d 1083, 1091 (9th Cir. 2011). The Board of Immigration Appeals ("BIA") has, however, held that silence *alone* cannot adequately support a finding of removability. *Matter of Guevara*, 20 I. & N. Dec. 238, 242 (B.I.A. 1990).

In this case, the IJ excluded as hearsay statements documented on Form I-213 made by two of Acosta-Munguia's passengers who were unavailable for cross-examination. *See Hernandez-Guadarrama v. Ashcroft*, 394 F.3d 674 (9th Cir. 2005). These statements consisted of admissions that the passengers were "imposters" and that Acosta-Munguia knew this to be the case. The majority nonetheless relies on other factual information supplied by the same form, including that Acosta-Munguia identified the passengers as his friends and that his vehicle and border crossing card were confiscated. But these facts are only relevant evidence in light of the passengers' hearsay admissions; without those admissions, the evidence relied on by the majority provides no support for the BIA's conclusion.

In my view, the only information in the record that can properly support

Acosta-Munguia's removability (in addition to the adverse inference drawn from his silence) is the statement on the I-213 form indicating that, at the time of the border incident, he waived a hearing before an IJ to contest the smuggling charge. In his removal hearing, however, Acosta-Munguia disputed this, claiming that he had, in fact, requested a hearing. The IJ never made a factual finding on this issue; instead, his opinion stated, incorrectly, that Acosta-Munguia "admitted" that he had waived his right to a hearing. Absent such a finding, there is no factual support properly in the record to bolster the adverse inference drawn from Acosta-Munguia's silence, as required by *Guevara*. I would therefore remand to the BIA for a finding on this point.