**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GANG CHEN,

Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney General,

Respondent.

No.   13-72961

Agency No. A077-562-540

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 15, 2017
San Francisco, California

Before:  W. FLETCHER and RAWLINSON, Circuit Judges, and PRATT,[**] District Judge.

Petitioner Gang Chen (Chen), a native and citizen of China, petitions for

review of the decision of the Board of Immigration Appeals (BIA) dismissing his

appeal of the immigration judge's (IJ) order that he was inadmissible and ineligible

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa, sitting by designation.

for waivers of inadmissibility and deportability. Chen, who pled guilty to making a false statement in relation to naturalization, contends that the BIA erred in implicitly concluding that he was an arriving alien subject to charges of inadmissibility. Chen also asserts that the BIA erroneously held that he was inadmissible based on material misrepresentations in his naturalization application and in his application for adjustment of status. Finally, Chen maintains that he was eligible for a waiver of inadmissibility and, alternatively, entitled to a waiver of deportability on equal protection grounds.

Although the BIA did not expressly determine that Chen was an arriving alien,[1] the undisputed record reflects that even if Chen's lawful permanent resident status had been valid, he was an arriving alien because he departed the country while in removal proceedings. *See* 8 U.S.C. § 1101(a)(13)(C)(iv) ("An alien lawfully admitted for permanent residence in the United States shall not be regarded as seeking an admission into the United States for purposes of the immigration laws unless the alien . . . has departed from the United States while under legal process seeking removal of the alien from the United States, including

---

[1] Chen maintains that he was not an arriving alien because his fraud conviction was not categorically a crime involving moral turpitude as required for inadmissibility. Because the BIA did not address this challenge to Chen's conviction, we decline to reach this issue. *See Escobar v. Lynch*, 846 F.3d 1019, 1028 (9th Cir. 2017).

removal proceedings under this chapter and extradition proceedings[.]") As a result, any remand would be futile because Chen was accurately classified as an arriving alien who was inadmissible as charged. *See de Jesus Melendez v. Gonzales*, 503 F.3d 1019, 1023 n.1 (9th Cir. 2007) (recognizing that remand to an agency is not required "when to do so would be futile") (citation omitted).

The BIA properly concluded that Chen was inadmissible because he fraudulently procured his adjustment of status and willfully misrepresented material facts in his naturalization petition. In his plea agreement, Chen admitted that his immigration petition for an alien worker contained false statements and forged signatures and that he knowingly made false statements and omissions in his naturalization petition concerning his dual marriages.[2]

The BIA properly sustained the charge of inadmissibility pursuant to 8 U.S.C. § 1182(a)(7)(A)(i)(I) because Chen's LPR status was "void ab initio" and he lacked valid immigration documents for admission. *Kim v. Holder*, 603 F.3d 1100, 1104 (9th Cir. 2010) (citation omitted).

---

[2] Chen contends that the mere act of bigamy does not render him inadmissible because the government failed to demonstrate that Chen maintained a polygamous lifestyle. But Chen conceded that because he knew his marriages would "cause problems with [his] naturalization application," he "decided to lie on [his] naturalization application . . ."

3

Because Chen lacked a valid immigrant visa and his LPR status was void due to his fraud, the BIA correctly held that Chen was ineligible for a waiver of inadmissibility. *See id.* Chen is also not entitled to a waiver of deportability on equal protection grounds because he does not "belong to the class of returning LPRs who are allegedly similarly situated to applicants for admission." *Id.*

**PETITION DENIED.**