NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 11 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| VICTOR RAUL FENESAN, | No.    18-71833 |
| Petitioner, | Agency No. A098-392-080 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 8, 2020**
Seattle, Washington

Before:  McKEOWN and WATFORD, Circuit Judges, and ROTHSTEIN,***
District Judge.

Victor Raul Fenesan, a native and citizen of Romania, petitions for review of

a decision by the Board of Immigration Appeals ("BIA") affirming an immigration

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Barbara Jacobs Rothstein, United States District Judge for the Western District of Washington, sitting by designation.

judge's ("IJ") determination that he is removable under 8 U.S.C. § 1227(a)(3)(B)(iii) and ineligible for an 8 U.S.C. § 1227(a)(1)(H) waiver. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Where, as here, the BIA agreed with the IJ's analysis and conclusion but also included its own analysis, we review both decisions. *See Vazquez-Hernandez v. Holder*, 590 F.3d 1053, 1054 (9th Cir. 2010). We review factual findings related to an applicant's removability under the substantial evidence standard. *See Sang Yoon Kim v. Holder*, 603 F.3d 1100, 1102-03 (9th Cir. 2010). We review *de novo* the disposition of questions of law. *Vilchez v. Holder*, 682 F.3d 1195, 1198 (9th Cir. 2012).

As a threshold matter, Fenesan argues that the immigration court did not have jurisdiction over his removal proceedings because his initial notice to appear did not specify the time and date of his hearing as allegedly required by 8 U.S.C. § 1229(a). This Court has already rejected this precise argument. *See Karingithi v. Whitaker*, 913 F.3d 1158 (9th Cir. 2019). In *Karingithi*, we held that the immigration court's jurisdiction is governed by federal immigration regulations, not § 1229(a), and those regulations do not require the inclusion of the date and time of the hearing on the notice to appear. 913 F.3d at 1160. Thus, the immigration court had jurisdiction over Fenesan's removal proceedings.

We do not disturb the BIA's determination that Fenesan is removable under 8 U.S.C. § 1227(a)(3)(B)(iii) because he was convicted of violating 18 U.S.C. § 1546(a). Fenesan does not dispute that he was convicted of violating 18 U.S.C. § 1546(a); rather, he contends that his conviction does not constitute a removable offense under 8 U.S.C. § 1227(a)(3)(B)(iii). He argues that the heading of 8 U.S.C. § 1227(a)(3)(B)—"Failure to register or falsification of documents"—limits removability under the subsection to aliens convicted of "failing to register" or "falsifying documents." He claims that his conviction under 18 U.S.C. § 1546(a) for obtaining an immigrant visa through fraud does not fall within either category. The BIA properly found this argument contrary to the plain language of the statute, which unambiguously renders removable any alien convicted of a violation of 18 U.S.C. § 1546. *See Bhd. of R.R. Trainmen v. Baltimore & O.R. Co.*, 331 U.S. 519, 528-29 (1947) ("[H]eadings and titles are not meant to take the place of the detailed provisions of the text … they cannot undo or limit that which the text makes plain.") (internal citations omitted); *Castro-Espinosa v. Ashcroft*, 257 F.3d 1130, 1132 (9th Cir. 2001) (stating that a parenthetical did not limit the statutory provision but simply describes the type of offenses included in the statute).

Nor do we disturb the BIA's determination that Fenesan is ineligible for waiver under 8 U.S.C. § 1227(a)(1)(H) as this Court has already determined that

3

removability under § 1227(a)(3)(B)(iii) is not waivable by § 1227(a)(1)(H). *Taggar*

*v. Holder*, 736 F.3d 886, 890-91 (9th Cir. 2013).

Petition for review is DENIED.