**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

SEVERIANO VASQUEZ-HERNANDEZ,
                          *Petitioner,*

v.

ERIC H. HOLDER JR., Attorney
General,

                          *Respondent.*

No. 05-74392

Agency No.
A078-018-615

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
November 2, 2009—Pasadena, California

Filed January 6, 2010

Before: Thomas G. Nelson, Jay S. Bybee and
Milan D. Smith, Jr., Circuit Judges.

Opinion by Judge Thomas G. Nelson

## COUNSEL

Robert F. Jacobs, Downey, California, for the petitioner.

Lyle D. Jentzer, Department of Justice, Washington, D.C., for the respondent.

## OPINION

T.G. NELSON, Circuit Judge:

Severiano Vasquez-Hernandez petitions for review of the Board of Immigration Appeals' ("BIA") decision denying his appeal from the Immigration Judge's ("IJ") order denying his motion to reopen.[1] The IJ held that Vasquez-Hernandez was statutorily ineligible under 8 U.S.C. § 1229b(b) for cancellation of removal based on his conviction for corporal injury to a spouse, an offense described in 8 U.S.C. § 1227(a)(2), and held that the petty offense exception in 8 U.S.C. § 1182(a)(2) was inapplicable to Vasquez-Hernandez. We deny the petition for review.

## I.  BACKGROUND

Vasquez-Hernandez is a native and citizen of Mexico who entered the United States illegally in July 1988. On August 8, 2002, Vasquez-Hernandez was convicted in the Orange County Superior Court of violating California Penal Code § 273.5, corporal injury to a spouse. The trial court sentenced him to fourteen days in jail, eight hours of community service, and three years probation. Under § 273.5, the sentence could not have exceeded one year.

On August 9, 2002, the Immigration and Naturalization Service ("INS"), now Immigration and Customs Enforcement ("ICE"), charged Vasquez-Hernandez as being removable under 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled. Vasquez-Hernandez conceded removability. In August 2004, the IJ pretermitted Vasquez-Hernandez's request for cancellation of removal, finding that Vasquez-Hernandez was statutorily inel-

---

[1]Vasquez-Hernandez also appealed the decision of the Administrative Appeals Office regarding the cancellation of his bond. By agreement of the parties, this issue is no longer before us.

igible for cancellation of removal under 8 U.S.C. § 1229b(b) because he had been convicted of a crime of domestic violence as defined in 8 U.S.C. § 1227(a)(2)(E).

The IJ denied Vasquez-Hernandez's motion to reopen, finding that the petty offense exception in 8 U.S.C. § 1182(a)(2)(A)(ii) did not apply to Vasquez-Hernandez's conviction. Therefore, the IJ found Vasquez-Hernandez statutorily ineligible for cancellation of removal. The BIA affirmed. Vasquez-Hernandez filed a timely petition for review with this court.

## II.   STANDARD OF REVIEW

As the BIA adopted the IJ's decision and also added its own reasons, we review both decisions. *Nuru v. Gonzales*, 404 F.3d 1207, 1215 (9th Cir. 2005). We review the denial of a motion to reopen for abuse of discretion and questions of law de novo. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005).

## III.   DISCUSSION

The question here is whether the petty offense exception found in 8 U.S.C. § 1182(a)(2)(A)(ii) is applicable to an 8 U.S.C. § 1229b(b) cancellation of removal request if that request is otherwise barred by an alien's conviction for an offense described in § 1227(a)(2) or § 1227(a)(3).[2]

The cancellation of removal argument before us is understandable only by reference to the statutory scheme that governs removability and cancellation of removal. Before an alien is removed from the United States, a court usually completes two separate inquiries. First, a court must find that an

---

[2]We do not decide whether the § 1182(a)(2) petty offense exception applies to cancellation of removal if the § 1229b(b) ineligibility offense is one described in § 1182(a)(2).

alien is removable. Second, a court may find that some other kind of statutory relief prevents removal. One of these grounds of relief is called cancellation of removal. Distinguishing, therefore, between the removal statutes, § 1182 and § 1227, and the cancellation of removal statute, § 1229b, is important here.

**[1]** Whether an alien is *removable* in the first instance depends on whether the alien is *inadmissible* or *deportable*. An inadmissible alien is one who was not admitted legally to the United States and is removable under § 1182, whereas a deportable alien is in the United States lawfully and is removable under § 1227. Each section contains criminal offense categories that render the alien removable. *See* 8 U.S.C. §§ 1182(a)(2), 1227(a)(2). Section 1182(a)(2) also contains a provision known as the "petty offense exception," § 1182(a)(2)(A)(ii), which disallows removal under § 1182(a)(2) if the conviction meets certain requirements.[3]

**[2]** Once an alien is found removable, the alien may seek relief from removal through *cancellation of removal* under § 1229b(b). *See* 8 U.S.C. § 1229b(b). Cancellation of removal is available for both inadmissible and deportable aliens. Unlike the removal statutes, the cancellation of removal statute does not treat inadmissible and deportable aliens differently. Rather, the requirements for cancellation of removal apply regardless of whether the alien is inadmissible or deportable for removal purposes. *See Gonzalez-Gonzalez v. Ashcroft*, 390 F.3d 649, 652 (9th Cir. 2004) (holding that an alien is statutorily ineligible for cancellation of removal if the alien is convicted of an offense described in either

---

[3]*If* § 1182(a)(2) was the basis for Vasquez-Hernandez's removability, the petty offense exception may have applied in determining whether Vasquez-Hernandez was removable. However, the basis for Vasquez-Hernandez's removability is not § 1182(a)(2), but rather is § 1182(a)(6), presence in the United States without admission or parole. Section 1182(a)(2)'s petty offense exception is therefore inapplicable in determining his removability.

§ 1182(a)(2) or § 1227(a)(2), regardless of the alien's status as inadmissible or deportable).

**[3]** Cancellation of removal is available if the alien demonstrates: (1) continuous physical presence in the United States for at least ten years; (2) good moral character; (3) no conviction for an offense described in §§ 1182(a)(2), 1227(a)(2), or 1227(a)(3); and (4) extreme and unusual hardship to a family member. 8 U.S.C. § 1229b(b). The third requirement—no conviction for an offense described in one of the removal statutes at §§ 1182(a)(2), 1227(a)(2), or 1227(a)(3)—is at issue here.

**[4]** With this background in mind, we turn to the present case. Vasquez-Hernandez is removable as an inadmissible alien under § 1182(a)(6). He seeks cancellation of removal under § 1229b(b). He has, however, been convicted of an offense described in § 1227(a)(2)—a crime of domestic violence—which, under the plain terms of § 1229b(b), makes him ineligible for cancellation of removal. *See* 8 U.S.C. § 1229b(b).

Vasquez-Hernandez urges us to apply, in the cancellation of removal context, the petty offense exception that is applicable in the removal context, and thereby apply the petty offense exception to the domestic violence offense that renders him ineligible for cancellation of removal. The statutory language and our precedent preclude this result.

**[5]** The petty offense exception is set forth in the removal statutes at § 1182(a)(2)(A)(ii). The language of the exception limits itself by referencing only those offenses described in the preceding clause, § 1182(a)(2)(A)(i)(I). *See* 8 U.S.C. § 1182(a)(2)(A)(ii) ("Clause (i)(I) shall not apply to an alien who committed only one crime" if the conviction meets the requirements for the petty offense exception). The petty offense exception does not reference § 1227(a)(2) or § 1229b(b), nor is there any other statutory basis for applying

the petty offense exception here. We therefore hold that the petty offense exception is not applicable to Vasquez-Hernandez's § 1227(a)(2) domestic violence offense, and that Vasquez-Hernandez is ineligible for cancellation of removal under § 1229b(b).

**[6]** We appreciate the potential for confusion caused by the fact that the offenses described in the cancellation of removal statute, § 1229b(b), cross-reference the removal statutes, but as this court noted in *Gonzalez-Gonzalez*, the cancellation of removal statute "indicates that it should be read to cross-reference a list of offenses[,] rather than the [removal] statutes as a whole." 390 F.3d at 652. Each of the cross-referenced offense sections is a separate barrier to cancellation of removal. Consequently, a conviction for an offense described in § 1227(a)(2) that may meet the requirements of the petty offense exception in § 1182(a)(2) is still a bar to cancellation of removal.

Vasquez-Hernandez relies on *In re Garcia-Hernandez*, 23 I. &. N. Dec. 590 (BIA 2003), in which the BIA held that an inadmissible alien convicted of a crime of domestic violence was entitled to use the petty offense exception in § 1182(a)(2)(A)(ii) for cancellation of removal purposes. *Id.* at 592. For three reasons, this reliance is misplaced. First, the petitioner in *In re Garcia-Hernandez* would have been ineligible for cancellation of removal because of an offense described in § 1182(a)(2), a crime of moral turpitude, not because of an offense described in § 1227(a)(2), as was Vasquez-Hernandez. Although both the petitioner in *In re Garcia-Hernandez* and Vasquez-Hernandez were convicted of violating the same California Penal Code section, 273.5, this is irrelevant for cancellation of removal purposes because that offense meets the criteria set forth in both § 1182(a)(2) and § 1227(a)(2). Second, and more importantly, the BIA decided *In re Garcia-Hernandez* before this court's ruling in *Gonzalez-Gonzalez*, which clarified that an inadmissible alien is ineligible for cancellation of removal not just for offenses

described in § 1182(a)(2), but also for offenses described in § 1227(a)(2) or § 1227(a)(3). Third, allowing an inadmissible alien to use the petty offense exception for cancellation of removal purposes when a deportable alien may not leads to an unacceptable result: that illegal entrants' requests for cancellation of removal are treated more favorably than those from legal entrants. *See Gonzalez-Gonzalez*, 390 F.3d at 652-53.

**[7]** Here, Vasquez-Hernandez's conviction for corporal injury to a spouse under California Penal Code § 273.5 is an offense described in § 1227(a)(2). Regardless of whether his conviction may meet the requirements of the petty offense exception in § 1182(a)(2)(A)(ii), Vasquez-Hernandez is statutorily ineligible for cancellation of removal.

## IV.   CONCLUSION

For the foregoing reasons, Vasquez-Hernandez's petition for review of the BIA's order affirming the IJ's denial of his motion to reopen is denied.

**DENIED**.