

**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| FELIPE E. ARAGON TRINIDAD, | No. 05-75040 |
| Petitioner, | Agency No. A070-743-894 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM * |
| Respondent. | |

| | |
|---|---|
| FELIPE E. ARAGON TRINIDAD, | No. 08-70423 |
| Petitioner, | Agency No. A070-743-894 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted February 10, 2010[]
San Francisco, California

Before: HALL, THOMPSON and McKEOWN, Circuit Judges.

Felipe E. Aragon Trinidad ("Aragon"), a native and citizen of Mexico, petitions for review of the order of the Board of Immigration Appeals ("BIA") finding him ineligible for cancellation of removal, and the BIA's denial of his motion to reopen due to changed circumstances making him prima facie eligible for asylum and withholding of removal. We deny the petition for review.

The BIA correctly held that Aragon's petty theft and domestic violence convictions constituted crimes of moral turpitude that rendered him ineligible for cancellation of removal. Contrary to Aragon's arguments, petty theft under California Penal Code § 484(a) contains the requisite mens rea—namely, the specific intent to deprive the victim of his property permanently—for a moral turpitude offense. Castillo-Cruz v. Holder, 581 F.3d 1154, 1160 (9th Cir. 2009). Aragon also conceded before the BIA that his domestic violence offense constituted a crime of moral turpitude. Because Aragon was thus convicted of more than one crime of moral turpitude, Aragon was ineligible for the "petty

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

offense" exception under 8 U.S.C. § 1182(a)(2)(A)(ii)(II). See In re

Garcia-Hernandez, 23 I&N Dec. 590, 594-96 (BIA 2003).

Aragon was also separately barred from cancellation by his conviction of a

domestic violence offense as defined at 8 U.S.C. § 1227(a)(2). See 8 U.S.C. §

1229b(b)(1)(C) (imposing bar); Vasquez-Hernandez v. Holder, 590 F.3d 1053,

1055-56 (9th Cir. 2010) (holding that California Penal Code § 273.5 constitutes a

crime of domestic violence). Aragon's argument that this bar applies only to non-

citizens who have been admitted to the United States is unavailing. Although

8 U.S.C. § 1227(a)(2)(E)(i) renders admitted non-citizens deportable based on

domestic violence convictions, it also defines those domestic violence offenses that

render non-citizens ineligible for cancellation relief.

The BIA did not abuse its discretion in denying Aragon's motion to reopen.

There is no indication that the Board required that Aragon show conclusive

eligibility for asylum and withholding of removal, as opposed to a reasonable

likelihood of relief. Rather, in deeming Aragon's evidence to be immaterial, the

Board effectively held that Aragon had failed to show prima facie eligibility for

relief. The Board also did not abuse its discretion in finding that the changed

conditions in Oaxaca, Mexico did not render Aragon prima facie eligible for

asylum and withholding. There is no evidence that Aragon has been politically

3

active in the United States or Mexico, or that his family members have been subject to persecution for their political activities. Thus, Aragon "failed to demonstrate an objective basis for [his] fear that [he] would be targeted for persecution" as "the evidence he introduced was too general to demonstrate a well-founded fear that [he] would personally be persecuted . . . ." Konstantinova v. INS, 195 F.3d 528, 530 (9th Cir. 1999). Given that Aragon failed to establish prima facie eligibility for relief, we need not address the internal relocation issue.

**PETITION FOR REVIEW DENIED.**