**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RENE MAURICIO CABRERA, | No. 10-71455 |
| Petitioner, | Agency No. A073-945-579 |
| v. | |
| ERIC H. HOLDER, JR., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 12, 2014[**]
San Francisco, California

Before: O'SCANNLAIN and MURGUIA, Circuit Judges, and ADELMAN,
District Judge.[***]

Petitioner Rene Mauricio Cabrera petitioned for review of a Board of

Immigration Appeals (BIA) order upholding the decision of the immigration judge

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Lynn S. Adelman, United States District Judge for the Eastern District of Wisconsin, sitting by designation.

(IJ) denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture. Our jurisdiction is governed by 8 U.S.C. § 1252. We deny the petition for review.

Because the BIA adopted and affirmed, citing to *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994), the IJ's decision with respect to Cabrera's asylum application, we review that adopted portion of the IJ's decision as if it were the decision of the BIA. *See Mutuku v. Holder*, 600 F.3d 1210, 1212 (9th Cir. 2010). We review the IJ's factual findings for substantial evidence. *Baghdasaryan v. Holder*, 592 F.3d 1018, 1022 (9th Cir. 2010).

Although Cabrera presented credible evidence that his half-brother may have been killed in a politically motivated attack, substantial evidence supported the IJ's conclusion that any attacks on Cabrera were not politically motivated. Furthermore, Cabrera never reported the incidents to the police, and there was no evidence that the government was unable or unwilling to protect Cabrera from harm. *Cf. Baballah v. Ashcroft*, 367 F.3d 1067, 1078 (9th Cir. 2004) (noting that whether the applicant reported the incidents to the police should be considered when the alleged persecution occurred at the hands of non-governmental actors). In the absence of more specific evidence of harm on account of a protected ground, we conclude that substantial evidence supported the IJ's decision to deny Cabrera's application for asylum. For the foregoing reasons, and because Cabrera did not

present any evidence that he is likely to suffer torture if he were to return to El Salvador, Cabrera is also ineligible for withholding of removal and CAT protection. *See Fernandes v. Holder*, 619 F.3d 1069, 1075 n.6 (9th Cir. 2010); 8 C.F.R. § 1208.16(c)(2).

Cabrera also petitions for review of the BIA's decision upholding the IJ's order granting the government's motion to pretermit his application for cancellation of removal. We review de novo the question whether petitioner is entitled to cancellation of removal. *Sinotes-Cruz v. Gonzales*, 468 F.3d 1190, 1194 (9th Cir. 2006). Cabrera has twice been convicted under California Penal Code section 273.5, which is a "crime of domestic violence" under 8 U.S.C. § 1227(a)(2). *Banuelos-Ayon v. Holder*, 611 F.3d 1080, 1086 (9th Cir. 2010); *Vasquez-Hernandez v. Holder*, 590 F.3d 1053, 1056 (9th Cir. 2010). Cabrera is therefore statutorily ineligible for cancellation. *See* 8 U.S.C. § 1229b(b)(1)(C).

**PETITION FOR REVIEW DENIED.**