FILED

FEB 24 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ZHIWEN HU, | No. 07-72866 |
| Petitioner, | Agency No. A095-441-696 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 24, 2014[**]
Pasadena, California

Before: SILVERMAN and HURWITZ, Circuit Judges, and VINSON, Senior
District Judge.[***]

Zhiwen Hu challenges the Board of Immigration Appeals' denial of his

applications for withholding of removal and protection under the Convention

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable C. Roger Vinson, Senior District Judge for the U.S.
District Court for the Northern District of Florida, sitting by designation.

Against Torture. We have jurisdiction pursuant to 8 U.S.C. § 1252(a), and we deny the petition.

The BIA adopted the immigration judge's decision and incorporated its own reasoning. We therefore review both decisions. *Vasquez-Hernandez v. Holder*, 590 F.3d 1053, 1054 (9th Cir. 2010).

Substantial evidence supports the IJ's and BIA's adverse credibility findings under pre-REAL ID Act standards because there are "[m]ajor inconsistencies on issues material to the alien's claim of persecution." *Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011). Most significantly, Hu failed even to mention the existence of his second wife in a pre-sentence report interview conducted prior to the initiation of removal proceedings, although he did mention his earlier marriage and his daughter. He was unable to explain this omission to the IJ despite that his second wife and her forced abortion are central to his claims. Hu's documentary evidence is also suspect. For example, Hu's divorce and marriage documents were not issued contemporaneously with the subject events and all include the same recent photograph. Based on these discrepancies and others, a reasonable adjudicator would not be compelled to find Hu's testimony or documentary evidence credible. *Id.* at 1087; *Kaur v. Gonzales*, 418 F.3d 1061, 1064 (9th Cir. 2005) ("We accord special deference to an IJ's credibility determination, and will

only exercise our power to grant a petition for review when the evidence compels a contrary conclusion.") (internal quotation marks and alteration omitted). Accordingly, Hu has not established he is entitled to withholding of removal or relief under the Convention Against Torture. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156–57 (9th Cir. 2003).

The Court lacks jurisdiction to review the denial of Hu's request for voluntary departure. 8 U.S.C. § 1229c(f); *Tovar-Landin v. Ashcroft*, 361 F.3d 1164, 1166 (9th Cir. 2004). To the extent Hu raises a due process claim, that argument was not presented to the BIA and is not considered by the Court. *See Segura v. Holder*, 605 F.3d 1063, 1066 (9th Cir. 2010).

**PETITION DENIED**.