# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00518-CR

**Olarinde Ayodeji Owoputi, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 4 OF TRAVIS COUNTY
### NO. D-1-DC-10-205345, HONORABLE MIKE DENTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Olarinde Ayodeji Owoputi was indicted for assault, family violence, a third-degree felony. *See* Tex. Penal Code § 22.01(b)(2). He pled guilty to assault, family violence, a class A misdemeanor. The trial court initially placed Owoputi on deferred adjudication community supervision for a period of 364 days; later, Owoputi was adjudicated guilty on the State's motion to adjudicate and sentenced to 60 days in county jail. Owoputi filed a writ of habeas corpus application on June 15, 2011—after the trial court signed the order placing him on deferred adjudication on May 31, 2011, but before the State moved to proceed with adjudication of guilt on June 22, 2011. Owoputi appeals from the trial court's order denying him habeas corpus relief.[1] In his writ of habeas

---

[1] Owoputi also filed a motion to withdraw his guilty plea on the same day that he filed his writ of habeas corpus application. The trial court denied both that motion and the habeas application. In addition to appealing the trial court's order denying him habeas corpus relief, Owoputi purports to appeal from the trial court's order denying his motion to withdraw his guilty plea, advancing the same arguments against both orders. However, the order on Owoputi's motion to withdraw his guilty plea is not a separately appealable order; therefore, we have no jurisdiction to review the order on his motion to withdraw his guilty plea in this appeal. *See generally* Tex. Code Crim. Proc. art. 44.02 (permitting defendant to appeal only as provided under the rules).

corpus application, Owoputi argued that he received ineffective assistance of counsel because his trial counsel incorrectly advised him about the effect that a guilty plea would have on his immigration status, rendering his guilty plea involuntary. We will affirm the trial court's order.

Owoputi's claim that he received ineffective assistance of counsel is based on the Supreme Court's decision in *Padilla v. Kentucky*, 559 U.S. 356 (2010). In *Padilla*, the court held that the Sixth Amendment requires attorneys to inform their clients when a guilty plea carries a risk of deportation. *Id.* at 366-69. A defendant is entitled to "the effective assistance of competent counsel" before deciding whether to plead guilty. *Id.* at 364 (quoting *McMann v. Richardson,* 397 U.S. 759, 771 (1970) and citing *Strickland v. Washington,* 466 U.S. 668, 686 (1984)). The court noted, however, that "[i]mmigration law can be complex, and it is a legal specialty of its own." *Id.* at 369. Thus, in cases in which the deportation consequences of a particular plea are unclear or uncertain, "a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences." *Id.* But when the law is truly clear, as was the case in *Padilla*, trial counsel must affirmatively and correctly advise the defendant about the immigration consequences of entering a guilty plea. *Id.*

Owoputi contends that a plain reading of the applicable statutes would have shown that his plea bargain would not allow him to seek a waiver of deportation (described in the immigration statutes as a "cancellation of removal"), but that his trial counsel incorrectly advised him that if he accepted the State's plea-bargain offer of a misdemeanor with less than a year's punishment, he would be eligible to apply for a waiver. Owoputi argues that because he was convicted of a "crime of domestic violence" as defined in Section 1227(a)(2)(E)(i) of Title 8 of the United

2

States Code, his conviction renders him a deportable alien and ineligible for cancellation of removal. *See* 8 U.S.C. §§ 1227(a)(2)(E)(i) (defining as "deportable alien" any alien convicted of "crime of violence" as defined in Section 16 of Title 18 against class of victims defined within subsection i), 1229b(b)(C) (establishing that removal of deportable alien may not be cancelled if alien has been convicted of an offense under Section 1227(a)(2)). He contends that because of his trial counsel's focus on the fact that the sentence would be less than one year when she was advising him on the State's offer to reduce his charge to a misdemeanor, she must have been assuming that the petty-offense exception for inadmissible aliens convicted of a crime involving moral turpitude with a maximum penalty of one year would apply to him. *See id.* § 1182(a)(2)(A)(ii)(II) (establishing petty-offense exception for inadmissible aliens). He asserts that his trial counsel's advice was incorrect because the Ninth Circuit has held that the petty-offense exception does not apply to crimes of domestic violence. *See Vasquez-Hernandez v. Holder*, 590 F.3d 1053, 1055-57 (9th Cir. 2010) (holding that petty-offense exception does not apply to convictions for offenses described in Section 1227(a)(2)). Owoputi asserts that because his deportation was "practically inevitable" and this consequence was clear, his trial counsel had the duty to give him correct advice and her advice was objectively deficient.

We disagree for two reasons. First, Owoputi has not established that his trial counsel's advice was incorrect. A misdemeanor conviction under the Texas assault statute does not meet the requirements for establishing a "crime of violence" as defined by the federal statute, *see* 18 U.S.C. § 16, and thus, it is not considered a "crime of domestic violence" under 8 U.S.C. § 1227. *See United States v. Villegas-Hernandez*, 468 F.3d 874, 878-79 (5th Cir. 2006). Thus, it appears that

3

Owoputi would have a valid argument for asserting that his misdemeanor conviction does not render him deportable. Second, this is not a situation in which "the terms of the relevant immigration statute are succinct, clear, and explicit in defining the removal consequence" for Owoputi's conviction, as evidenced by the discussion above. *See Padilla*, 559 U.S. at 368. Therefore, Owoputi's trial counsel's duty was only to advise her client that the pending criminal charges against him might carry a risk of adverse immigration consequences. *Id.* at 369. The record establishes that Owoputi's counsel initially explained to him that the charged offense (a third-degree felony) carried the risk of adverse immigration consequences, she referred him to an immigration attorney, she consulted with immigration attorneys herself, and she worked for many months with the prosecutor to persuade the State to make an offer for a plea to a misdemeanor with deferred adjudication to mitigate those adverse consequences as much as possible.[2] When trial counsel discussed with Owoputi her understanding, based on her consultation with immigration attorneys, that this plea bargain might allow him to seek a waiver of deportation, trial counsel explained to Owoputi that nothing could be guaranteed about his immigration status. Trial counsel's representation of Owoputi satisfied an objective standard of reasonableness. *See Strickland*, 466 U.S. at 688. Therefore, we need not reach the issue of whether counsel's performance prejudiced Owoputi. *See id.* at 691 (holding appellant must demonstrate both objectively unreasonable performance by counsel and prejudice to his defense to prevail on ineffective-assistance claim).

---

[2] To the extent that Owoputi's testimony conflicted with trial counsel's testimony about the advice he received, we defer to the trial court's resolution of credibility issues when analyzing the court's decision on a habeas corpus application. *See Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003) (per curiam), *overruled in part on other grounds by Ex parte Lewis*, 219 S.W.3d 335, 371 (Tex. Crim. App. 2007).

Because Owoputi did not establish that he received ineffective assistance of counsel rendering his guilty plea involuntary, the trial court did not abuse its discretion by denying his writ of habeas corpus.

**CONCLUSION**

Having determined that Owoputi's counsel satisfied her duty to advise him that his pending criminal charges carried a risk of adverse immigration consequences, we affirm the trial court's order denying habeas relief.

_____

David Puryear, Justice

Before Justices Puryear, Goodwin and Field

Affirmed

Filed:   March 7, 2014

Do Not Publish

5