FILED

NOT FOR PUBLICATION

APR 02 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| GERARDO MARTINEZ-VELASQUEZ, | ) ) ) | No. 11-73390 |
| Petitioner, | ) ) | Agency No. A088-673-942 |
| v. | ) ) | MEMORANDUM* |
| ERIC H. HOLDER, Jr., Attorney General, | ) ) ) ) | |
| Respondent. | ) ) ) | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 3, 2015
Pasadena, California

Before: PREGERSON, FERNANDEZ, and NGUYEN, Circuit Judges.

Gerardo Martinez-Velasquez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' (BIA) denial of his applications for

_____

*This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

cancellation of removal,[1] asylum,[2] withholding of removal,[3] and Convention Against Torture (CAT)[4] relief.  We deny the petition.

(1)  Martinez argues that he is not barred from cancellation of removal consideration.  We disagree.  Because Martinez committed a crime of domestic violence[5] within the meaning of 8 U.S.C. § 1227(a)(2)(E)(i), he is barred from consideration for cancellation of removal relief.[6]  See Marquez-Carrillo v. Holder, No. 12-70779, slip op. at 10 (9th Cir. Mar. 31, 2015); Banuelos-Ayon v. Holder, 611 F.3d 1080, 1081 (9th Cir. 2010); Vasquez-Hernandez v. Holder, 590 F.3d 1053, 1055–56 (9th Cir. 2010).

(2)  Martinez then argues that the BIA erred when it denied him asylum relief.  Again, we disagree.

(a)  Martinez is barred at the threshold by the one-year statute of

---

[1] 8 U.S.C. § 1229b(b)(1).

[2] 8 U.S.C. § 1158.

[3] 8 U.S.C. § 1231(b)(3).

[4] United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, adopted Dec. 10, 1984, S. Treaty Doc. No. 100-20 (1988), 1465 U.N.T.S. 85, implemented at 8 C.F.R. § 1208.18.

[5] Cal. Penal Code § 273.5 (1997).

[6] 8 U.S.C. § 1229b(b)(1)(C).

limitations,[7] because he filed his application for relief over fifteen years after his arrival in the United States and did not show changed circumstances that would justify the late filing.[8] While there may be more crime and violence in Mexico than there once was, he has not shown when the change took place, or that it materially affected his application for asylum. See Ramadan v. Gonzales, 479 F.3d 646, 657–58 (9th Cir. 2007) (per curiam). Moreover, on the record before it, the BIA was sufficiently explanatory when it denied relief. See Najmabadi v. Holder, 597 F.3d 983, 990 (9th Cir. 2010).

(b)     Even if his asylum claim were not barred by the statute of limitations, he could not prevail on the merits. The BIA's determination that an alien is not eligible for asylum must be upheld if "'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" INS v. Elias-Zacarias, 502 U.S. 478, 481, 112 S. Ct. 812, 815, 117 L. Ed. 2d 38 (1992). "It can be reversed only if the evidence presented . . . was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." Id.; see also Farah v. Ashcroft, 348 F.3d 1153, 1156 (9th Cir. 2003). When an

---

[7] 8 U.S.C. § 1158(a)(2)(B); see also Singh v. Holder, 656 F.3d 1047, 1052 (9th Cir. 2011).

[8] 8 U.S.C. § 1158(a)(2)(D). He does not claim extraordinary circumstances.

alien seeks to overturn the BIA's adverse determination, "he must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Elias-Zacarias, 502 U.S. at 483–84, 112 S. Ct. at 817. When an asylum claim is involved, an alien must show a statutorily-protected ground,[9] and either past persecution or a well-founded fear of future persecution that is "subjectively genuine and objectively reasonable."[10]

Martinez did not meet his burden. In the first place, he argues that he is a member of a particular social group, which is one of the protected categories. See 8 U.S.C. § 1101(a)(42). The BIA found to the contrary, and on this record we cannot say that it erred. He sought to have the BIA determine that a particular social group was Mexican citizens who had spent one-half or more of their lives in the United States, but then agreed that he was not within that group. His fallback position amounted to a claim that the group was Mexican citizens who are returning from the United States after spending some time here, but we have rejected that as a "cognizable social group." Delgado-Ortiz v. Holder, 600 F.3d 1148, 1151–52 (9th Cir. 2010) (per curiam).

---

[9]See Garcia-Martinez v. Ashcroft, 371 F.3d 1066, 1073 (9th Cir. 2004); see also 8 U.S.C. § 1101(a)(42).

[10]Fisher v. INS, 79 F.3d 955, 960 (9th Cir. 1996) (en banc); see also Gu v. Gonzales, 454 F.3d 1014, 1019 (9th Cir. 2006).

4

Moreover, the evidence does not compel a conclusion that he has a well-founded fear of persecution. See Elias-Zacarias, 502 U.S. at 481 n.1, 112 S. Ct. at 815 n.1; Parussimova v. Mukasey, 555 F.3d 734, 739–40 (9th Cir. 2009). Rather, the evidence shows that he might encounter difficulties in Mexico arising out of general and widespread social problems,[11] rather than wrongs targeted at himself or those like him, and does not suggest that the government would not render aid.[12]

(3)  Because Martinez could not meet his burden regarding asylum, he necessarily failed to establish eligibility for withholding of removal. See Garcia-Milian v. Holder, 755 F.3d 1026, 1033 n.4 (9th Cir. 2014); Liu v. Holder, 640 F.3d 918, 926 n.5 (9th Cir. 2011); Ghaly v. INS, 58 F.3d 1425, 1429 (9th Cir. 1995).

(4)  Finally, the evidence in the record does not compel a determination that it is more likely than not that Martinez would be tortured in Mexico. Thus, he is not entitled to CAT relief. See Wakkary v. Holder, 558 F.3d 1049, 1067–68 (9th Cir. 2009); Almaghzar v. Gonzales, 457 F.3d 915, 922–23 (9th Cir. 2006); Singh v. Gonzales, 439 F.3d 1100, 1113 (9th Cir. 2006).

Petition DENIED.

---

[11]See Gormley v. Ashcroft, 364 F.3d 1172, 1177 (9th Cir. 2004); Rostomian v. INS, 210 F.3d 1088, 1089 (9th Cir. 2000).

[12]See Halim v. Holder, 590 F.3d 971, 977 (9th Cir. 2009).