

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOSE JESUS MUNOZ, AKA Jose Munoz,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.   17-70713

Agency No. A076-215-529

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 9, 2020[**]
San Francisco, California

Before:  THOMAS, Chief Judge, and SCHROEDER and BRESS, Circuit Judges.

Jose Jesus Munoz petitions for review of a decision by the Board of

Immigration Appeals ("BIA") affirming a decision by an immigration judge ("IJ")

denying his motion to reopen removal proceedings.  We have jurisdiction under 8

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1252 and we deny the petition. Because the parties are familiar with the history of the case, we need not recount it here.

Where "the BIA adopt[s] the IJ's decision and also add[s] its own reasons, we review both decisions." *Vasquez-Hernandez v. Holder*, 590 F.3d 1053, 1054 (9th Cir. 2010). We review the denial of a motion to reopen for abuse of discretion and questions of law de novo. *Id.*

The BIA did not abuse its discretion in affirming the IJ's denial of Munoz's motion to reopen based on the vacatur of his conviction. Munoz's motion to reopen was untimely because Munoz filed the petition more than 90 days after the BIA's final decision, *see* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.23(b)(1), and the vacatur of Munoz's conviction did not bring his motion within any statutory or regulatory exception to the time limit, *see* 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.23(b)(4)(i).

The BIA did not abuse its discretion in affirming the IJ's denial of Munoz's motion to reopen to apply for asylum or withholding of removal based on changed country conditions. Munoz challenges this portion of the BIA decision solely on the grounds that "the Motion need only present relevant new circumstances, not conclusive proof that the Motion would be granted." There is no indication in the BIA decision, however, that the BIA or IJ applied an improperly high standard of

2

proof to Munoz's motion to reopen. On the contrary, the BIA and IJ properly determined that Munoz had not demonstrated that he is *prima facie* eligible for relief. *See Agonafer v. Sessions*, 859 F.3d 1198, 1204 (9th Cir. 2017) ("To prevail on a motion to reopen on the basis of changed country conditions, a petitioner must . . . demonstrate that the new evidence, when considered together with the evidence presented at the original hearing, would establish *prima facie* eligibility for the relief sought.").

Having denied Munoz's motion to reopen as untimely, the IJ declined to consider Munoz's I-485 application for adjustment of status as not properly before the court. The BIA found no error in this decision. Munoz now argues that the BIA erred with respect to the merits of his application for adjustment of status. This argument fails, however, because the BIA did not base its decision on a consideration of the merits of his application.

**PETITION DENIED.**