NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 16 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ABEL CANAS-NEVAREZ, AKA Luis Nevarez-Quintana,<br><br>          Petitioner,<br><br>  v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>          Respondent. | No.   19-71300<br><br>Agency No. A206-263-223<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 11, 2020[**]
San Francisco, California

Before:  M. SMITH and HURWITZ, Circuit Judges, and EZRA,[***] District Judge.

Abel Canas-Nevarez ("Petitioner") is a native and citizen of Mexico.  He

petitions for review of an order of the Board of Immigration Appeals ("BIA")

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

dismissing his appeal from the decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

1. The BIA correctly determined that Petitioner's asylum application was untimely and not subject to an exception to the one-year filing deadline available for "changed" or "extraordinary circumstances." 8 U.S.C. § 1158(a)(2)(D). Even assuming that the murder of Petitioner's wife's nephew in 2015 or the increase in violence in Mexico are "changed circumstances," Petitioner could have filed his application at any of his pre-October 2016 court dates. Petitioner therefore failed to file his application within a reasonable period of time under the circumstances. *See Martinez-Velasquez v. Holder*, 605 F. App'x 641, 643 (9th Cir. 2015).

2. Substantial evidence supports the BIA's denial of withholding of removal because Petitioner failed to establish a clear probability of persecution on account of family membership. *See Reyes v. Lynch*, 842 F.3d 1125, 1137 (9th Cir. 2016) (stating standard of review). Petitioner has the burden to prove that a nexus exists between the persecution and an asserted protected ground. *See id.* at 1132 n.3. Petitioner did not establish a "pattern of persecution closely tied to the applicant," *Mgoian v. I.N.S.*, 184 F.3d 1029, 1036 (9th Cir. 1999) (internal quotation marks omitted), but rather only gang violence in general, *see Zetino v. Holder*, 622 F.3d

1007, 1016 (9th Cir. 2010).

3. Substantial evidence supports the BIA's determination that Petitioner failed to establish a clear probability of torture by or with the acquiescence or willful blindness of a government official. *See* 8 C.F.R. §§ 1208.16, (c)(2), (c)(4), 1208.17, 1208.18(a)(1), (7). There was no evidence of past torture. Petitioner's generalized fear of police acquiescence in future mistreatment does not require CAT relief. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010). Finally, a general fear of future persecution is undercut when similarly situated family members live in the country unharmed. *See Tamang v. Holder*, 598 F.3d 1083, 1094 (9th Cir. 2010). Moreover, the IJ reasonably found a possibility of internal relocation, as the record demonstrated that Petitioner's stepchildren internally moved around Mexico.

All pending motions are denied.

**PETITION DENIED.**