NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 14 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ESTEFANIA SALGADO ESTRADA,
Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,
                    Respondent.

No.    18-73072

Agency No. A200-973-688

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 22, 2021
Pasadena, California

Before:  CALLAHAN and FORREST, Circuit Judges, and AMON,[**] District
Judge.

Petitioner Estefania Salgado Estrada appeals the ruling of the Board of

Immigration Appeals ("BIA"), which affirmed the Immigration Judge's ("IJ")[1]

finding that she was removable under 8 U.S.C. § 1182(a)(6), and that she was

ineligible for cancellation of removal due to her conviction of a crime involving

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Carol Bagley Amon, United States District Judge for
the Eastern District of New York, sitting by designation.
[1] The BIA and IJ are referred to collectively as "the Agency."

moral turpitude under California Penal Code Section 472 ("Section 472"). Salgado Estrada appeals on five grounds, each of which are addressed in turn.

We review questions of law, including whether a crime involves moral turpitude, de novo. *See Barbosa v. Barr*, 926 F.3d 1053, 1057 (9th Cir. 2019). Factual findings of the Agency are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We deny Salgado Estrada's petition for review.

1.    **Removability.** Salgado Estrada argues that the Agency erred when it found her removable as "inadmissible" under 8 U.S.C. § 1182(a)(6). Salgado Estrada has the burden to establish "by clear and convincing evidence" that she is "lawfully present in the United States pursuant to a prior admission." *Id.* at § 1229a(c)(2).

Salgado Estrada primarily relied on two pieces of evidence to support her argument: a two-page declaration, in which she purported to recall her memories of crossing the border as a four-year-old, and a photocopy of her border crossing card. Salgado Estrada also relied on additional evidence, consisting of the initial Notice to Appear ("NTA"), which charged Salgado Estrada as a nonimmigrant who overstayed her conditions of admission under 8 U.S.C. § 1227(a)(1)(c), and a DHS calendar entry, which indicated that Salgado Estrada had a second Alien Registration Number, and that a border card had been issued.

The Agency found that Salgado Estrada's declaration was unreliable, because her attorney conceded that Salgado Estrada had no memory of her February 1997 entry and that she based her declaration on second-hand knowledge from relatives. The Agency similarly discounted the border crossing card, as the photocopy was faint and illegible, and had two unexplained dates. Similarly, the initial NTA and Calendar Entry do not constitute "clear and convincing evidence" of a lawful admission. 8 U.S.C. § 1229a(c)(2). Our review of the evidence suggests that a "reasonable adjudicator" would not be "compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

**2. Crime Involving Moral Turpitude.** An alien who has been convicted of a crime involving moral turpitude that is punishable by one year or more of imprisonment is ineligible for cancellation of removal. 8 U.S.C. §§ 1229b(b)(1)(C), 1227(a)(2). We apply the categorical approach to determine whether a crime involves moral turpitude by "identify[ing] the elements of the statute of conviction" and "compar[ing] [them] to the generic definition of a crime involving moral turpitude [to] decide whether the conviction meets that definition." *Barbosa*, 926 F.3d at 1057 (alteration omitted) (quoting *Castrijon-Garcia v. Holder*, 704 F.3d 1205, 1208 (9th Cir. 2013), *overruled on other grounds by Ceron v. Holder*, 747 F.3d 773, 782 n.2 (9th Cir. 2013) (en banc)); *see also Descamps v. United States*, 570 U.S. 254, 257 (2013).

As recently explained in *Vasquez-Borjas v. Garland*, __ F.4th __ (9th Cir. 2022), California law forecloses the argument that intent to defraud is not an element of a Section 472 conviction based on possession. Accordingly, the BIA was correct that Salgado Estrada's conviction under Section 472 was for a crime involving moral turpitude.

3. **California Penal Code § 18.5.** An alien is ineligible for cancellation of removal if she is convicted of a crime of moral turpitude and "is convicted of a crime for which a sentence of one year or longer may be imposed." 8 U.S.C. § 1227(a)(2)(A)(i)(II). Salgado Estrada argues that her conviction under Section 472 does not qualify as a "crime for which a sentence of one year or longer may be imposed"—even though, at the time she was convicted, Section 472 carried a maximum sentence of one year. In 2015, California enacted Section 18.5, which retroactively established that "[e]very offense which is prescribed by any law of the state to be punishable by imprisonment in a county jail up to or not exceeding one year shall be punishable by imprisonment in a county jail for a period not to exceed 364 days." Cal. Penal Code § 18.5. Accordingly, Salgado Estrada argues that the IJ should have applied Section 18.5 retroactively and considered her conviction to have a maximum sentence of 364 days, rather than one year. Our holding in *Velasquez-Rios v. Wilkinson*, 988 F.3d 1081 (9th Cir. 2021) squarely forecloses this argument, and we decline to revisit that decision here. Accordingly, we conclude

4

that the Agency did not err in finding that Salgado Estrada's conviction under Section 472 carried a maximum sentence of one year, foreclosing her eligibility for cancellation of removal relief.

4.    **"Petty Offense" Exception.**  8 U.S.C. § 1182(a)(2)(A) contains an exception to the general rule that "any alien convicted of . . . a crime involving moral turpitude . . . is inadmissible." *Id.* § 1182(a)(2)(A)(i).  The exception applies "to an alien who committed only one crime if . . . the maximum penalty possible for the crime of which the alien was convicted . . . did not exceed imprisonment for one year and, if the alien was convicted of such crime, the alien was not sentenced to a term of imprisonment in excess of 6 months."  *Id.* at § 1182(a)(2)(A)(ii).  Salgado Estrada argues that because the maximum sentence for her Section 472 conviction was only one year, and her term of imprisonment was less than 6 months, she is eligible for cancellation of removal relief under the "petty offense" exception.

This argument fails.  The "petty offense" exception is not applicable where the relief sought is cancellation of removal under 8 U.S.C. § 1229b.  This Court has held that a "conviction for an offense described in § 1227(a)(2)"—which includes, among other crimes, crimes of moral turpitude like Salgado Estrada's conviction under Section 472—"may meet the requirements of the petty offense exception in § 1182(a)(2)" and still be "a bar to cancellation of removal."  *Vasquez-Hernandez v. Holder*, 590 F.3d 1053, 1056 (9th Cir. 2010).  Accordingly, the Agency correctly

rejected Salgado Estrada's argument that she was eligible for cancellation of removal under the "petty offense" exception.

**5. Temporal Conviction Requirement under § 1227(a)(2)**. 8 U.S.C. § 1227(a)(2) makes deportable any alien who "is convicted of a crime involving moral turpitude committed within five years . . . after the date of admission." Salgado Estrada argues that because her conviction under Section 472 occurred more than five years after she was admitted to the United States, her conviction cannot serve as a basis for ineligibility for cancellation of removal. This argument, too, is foreclosed by our precedent. In *Ortega-Lopez v. Barr*, 978 F.3d 680 (9th Cir. 2020), this Court accorded deference to the BIA's interpretation that the cross reference in 8 U.S.C. § 1229b, the cancellation of removal statute, to an "offense described under . . . § 1227(a)(2)" incorporates only the language identifying the criminal offense, and not the limiting requirement that the offense is committed within five years of the alien entering the United States. *Id.* at 690-92.

**PETITION FOR REVIEW DENIED.**